IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIN INSURANCE, INC.,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    a. Plaintiff Has Not Adequately Alleged that the Voicemail Messages Utilized a "Prerecorded" Voice in Violation of Section 227(b) of the TCPA ................................................................................................................... 1

    b. Plaintiff Lacks Article III Standing to Recover Injunctive Relief ......................... 8

    c. Plaintiff's FAC Should Be Dismissed With Prejudice ........................................ 10

III. CONCLUSION .................................................................................................................. 10

**TABLE OF AUTHORITIES**

Page

**CASES**

*Allison v. Wells Fargo Bank, N.A.*,
   2022 WL 10756885 (S.D. Cal. Oct. 18, 2022) ..........................................................................8

*Andersen v. Nexa Mortg., LLC*,
   2024 WL 3762098 (C.D. Cal. Aug. 12, 2024)............................................................................3

*Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*,
   459 U.S. 519 (1983)...................................................................................................................4

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) .....................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................2

*Brooks v. Ross*,
   578 F.3d 574 (7th Cir. 2009) .....................................................................................................2

*Burke v. Credit One Bank, N.A.*,
   2019 WL 1468536 (M.D. Fla. Feb. 5, 2019)............................................................................9

*Davis v. Rockloans Marketplace, LLC*,
   2024 WL 4896587 (S.D. Cal. Nov. 26, 2024) ..........................................................................4

*Elend v. Basham*,
   471 F.3d 1199 (11th Cir. 2006) ...............................................................................................10

*Evans v. Nat'l Auto Div., L.L.C.*,
   2016 WL 885050 (D.N.J. Mar. 8, 2016 ....................................................................................6

*Firestone Fin. Corp. v. Meyer*,
   796 F.3d 822 (7th Cir. 2015) ...................................................................................................10

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3rd Cir. 2009) .....................................................................................................2

*Greene v. Select Funding LLC*,
   2021 WL 4926495 (C.D. Cal. Feb. 5, 2021).............................................................................7

*Griffith v. ContextMedia, Inc.*,
   235 F. Supp. 3d 1032 (N.D. Ill. 2016) ......................................................................................9

*Hicks v. Alarm.com Inc.*,
   2020 WL 9261758 (E.D. Va. Aug. 6, 2020).............................................................................5

*Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*,
   2022 WL 4367596 (D. Conn. Sept. 21, 2022).......................................................................5, 6

*Luckett v. Allstate Indem. Co.*,
   2019 WL 1447477 (S.D. Miss. Mar. 30, 2019) ........................................................................2

*McCauley v. City of Chicago*,
   671 F.3d 611 (7th Cir. 2011) .....................................................................................................2

# TABLE OF AUTHORITIES
(continued)

Page

*Neptune v. Whetstone Partners, LLC*,
   34 F. Supp. 3d 1247 (S.D. Fla. 2014) ....................................................................................7

*Owens-Benniefield v. Nationstar Mortg. LLC*,
   258 F. Supp. 3d 1300 (M.D. Fla. 2017)..................................................................................9

*Porter v. Fairbanks Cap. Corp.*,
   2003 WL 21210115 (N.D. Ill. May 21, 2003).........................................................................3

*Rahn v. Bank of Am., N.A.*,
   2016 WL 7325657 (N.D. Ga. June 24, 2016).........................................................................8

*Rogers v. Assurance IQ, LLC*,
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ...................................................................4

*Rose v. New TSI Holdings, Inc.*,
   2022 WL 912967 (S.D.N.Y. Mar. 28, 2022)................................................................5, 6, 7

*Sandee's Catering v. Agri Stats, Inc.*,
   2020 WL 6273477 (N.D. Ill. Oct. 26, 2020) (Kendall, J.).....................................................2

*Schaevitz v. Braman Hyundai, Inc.*,
   437 F. Supp. 3d 1237 (S.D. Fla. 2019) ...................................................................................9

*Smith v. Am.-Amicable Life Ins. Co. of Texas*,
   2022 WL 1003762 (E.D. Pa. Apr. 4, 2022) ...........................................................................6

*Smith v. Pro Custom Solar LLC*,
   2021 WL 141336 (D.N.J. Jan. 15, 2021) ...............................................................................7

*Snyder v. Ocwen Loan Servicing, LLC*,
   258 F. Supp. 3d 893 (N.D. Ill. 2017) .....................................................................................9

*Sojka v. DirectBuy, Inc.*,
   35 F. Supp. 3d 996 (N.D. Ill. 2014) .......................................................................................7

*U.S. v. Holm*,
   326 F.3d 872 (7th Cir. 2003) ................................................................................................10

*Wijesinha v. Bluegreen Vacations Unlimited, Inc.*,
   2019 WL 3409487 (S.D. Fla. Apr. 3, 2019) ....................................................................9, 10

**RULES**

Fed. R. Civ. P. 8...........................................................................................................................2

Fed. R. Civ. P. 12(b)(6).......................................................................................................1, 2, 8

I.      **INTRODUCTION**

Put simply, Plaintiff's Opposition (Dkt. 17) to Kin's Motion to Dismiss (Dkt. 14 & 15, "Motion") fails to meaningfully address, let alone rebut, the well-supported grounds for dismissal set forth in the Motion. In summary, the Motion demonstrates that Plaintiff's First Amended Complaint (Dkt. 10, "FAC") provides nothing more than incomplete, conclusory, and contradictory allegations about the content of the two allegedly "prerecorded" voicemails she received, rather than actual facts. In response, Plaintiff's Opposition does not show otherwise and, instead, doubles down on her conclusory allegations regarding the supposed "generic" and "identical" content of the subject voicemail messages and that others have also received similar messages. Critically missing from her FAC, however, are the contextual details to support these naked conclusions—details which myriad federal courts have found are <u>necessary</u> to plausibly allege a "prerecorded" call claim under the TCPA and avoid a dismissal under Rule 12(b)(6). For example, Plaintiff does not provide the full transcript of the two messages she allegedly received, such that the Court could determine they were truly identical in content. Nor does Plaintiff describe what the voice on the messages sounded like, such that the Court could determine that it was a "prerecorded" voice as opposed to a live person reading from a script. And perhaps most critically, Plaintiff does not reconcile the contradictory (and thus inherently implausible) allegations in her FAC suggesting that the calls were made by a real live person (an employee of Kin) who identified herself on the call, and not a "prerecorded voice." In short, without more factual enhancement, Plaintiff's TCPA claim fails and should be dismissed.

II.     **ARGUMENT**

   a. **Plaintiff Has Not Adequately Alleged that the Voicemail Messages Utilized a "Prerecorded" Voice in Violation of Section 227(b) of the TCPA.**

In essence, Plaintiff contends that her allegations (which largely just regurgitate applicable case law) regarding the supposed "generic" and "identical" content of the subject voicemail

1

messages—without any contextual detail or further factual enhancement—are enough to plausibly allege receipt of a "prerecorded voice" message in violation of Section 227(b)(1)(A)(iii) of the TCPA. *See* Dkt. 15 at 4-5. In this regard, Plaintiff asserts these two allegations are "more than sufficient to put Kin on notice of the claims against it." *Id*. at 4. She is wrong for several reasons:

**First**, as a threshold issue, Plaintiff seemingly invites this Court to apply the wrong legal standard to the Motion and when reviewing the facial sufficiency of her threadbare allegations. The Court should decline this invitation. After *Twombly*/*Iqbal*, "federal courts have recognized that the pleading requirements of Rule 8 have 'shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss.'" *Luckett v. Allstate Indem. Co.,* 2019 WL 1447477, at *5 (S.D. Miss. Mar. 30, 2019) (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009)).[1] Courts in this District have reached the same conclusion. *See, e.g., Sandee's Catering v. Agri Stats, Inc*., 2020 WL 6273477, at *12 (N.D. Ill. Oct. 26, 2020) (recognizing that the "permissive notice pleading standard" is "no longer the proper standard for a Rule 12(b)(6) motion to dismiss" after *Iqbal* and *Twombly*) (Kendall, J.). *See also McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("We have interpreted *Twombly* and *Iqbal* to require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint.") (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). In other words, contrary to what she suggests, Plaintiff must support the TCPA claim in her FAC with sufficient ***actual facts***; she cannot rely on bald conclusions or rank speculation and avoid dismissal under Rule 12(b)(6). As shown in the Motion and below, the latter is all Plaintiff did here.

---

[1] Put differently by another federal district court: "the Supreme Court, in *Twombly*, departed from the [old fair notice pleading] standard, requiring that a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.' While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Second**, Plaintiff's Opposition makes no effort to explain whether the subject voicemails were truly "identical"—*i.e.,* the same in every respect, including the content, in how they sounded, the same speaker, etc.—because Plaintiff's FAC, like the original complaint, provides only a partial transcript of them. As the Motion notes, this glaring omission is curious considering that Plaintiff now claims to have audio recordings of these messages. *See* Dkt. 15 at 3, 4, 7, 8. Surely if the messages were 100% identical, Plaintiff could have provided the full content using these recordings when she amended. That she did not do so is telling. Moreover, two voicemails merely *similar* in content (even if substantially so) does not support an inference they were prerecorded—after all, two different live persons can read from the same script and leave similar voicemails.

The website that Plaintiff cites in her FAC underscores this point. *See* Dkt. 10, ¶ 26 (citing https://directory.youmail.com/phone/470-744-1873). While Plaintiff contends that this third-party website (the reliability of which is questionable[2]) shows that others received "the same" prerecorded message as Plaintiff, what it actually shows is minor variations in content and possibly two different speakers, which at best suggests use of a call script. *See* Dkt. 15 at 7-9. This would also explain why the audio recordings of messages that Plaintiff claims to have in her possession were similar in length—*i.e.,* two people reading from the same script might leave roughly the same size audio file. *See* Dkt. 17 at 4 (arguing that the size of the .wav file supports Plaintiff's contention that the messages were prerecorded). Scripted voicemails left by real humans do not violate the TCPA. *See, e.g., Andersen v. Nexa Mortg., LLC*, 2024 WL 3762098, at *4 (C.D. Cal. Aug. 12, 2024) ("To survive a motion to dismiss, a plaintiff must include factual allegations indicating that

---

[2] Indeed, there is no indication of who provided content for that site (everything is anonymous) or the dates on which any posts were made, and Plaintiff could have just as easily uploaded materials there herself to support her claim. *See also Porter v. Fairbanks Cap. Corp.*, 2003 WL 21210115, at *7 (N.D. Ill. May 21, 2003) (striking "irrelevant" and "hearsay" internet complaints because they "ha[d] no indicia of reliability" and were attached "solely for the purpose of prejudicing defendant"). It also appears that some of the recordings on that site may have changed since the Motion was filed.

3

a prerecorded voice, as opposed to that of a real, live person, was used.").

**Third**, while Plaintiff regurgitates the allegations in her FAC and argues that "the pattern and tone of the speech made clear to Plaintiff that the messages Defendant played were prerecorded in nature" (Dkt. 17 at 4), she does not actually provide any factual details about the "pattern" or "tone" that would tend to show the voice on the messages was prerecorded. In fact, despite what Plaintiff suggests in her Opposition (*see* Dkt. 17 at 5), her FAC does not describe the sound of the voice at all. Rather, Plaintiff merely concludes that Kin "used an artificial or prerecorded voice." *See* Dkt. 10, ¶¶ 2, 3, 16, 30, 33, 35, 36, 37, 44, 56, 67. These allegations are insufficient to avoid dismissal, as the numerous authorities cited in the Motion have held. *See* Dkt. 15 at 5-10. Indeed, as one such court aptly held, "this kind of information should be available to plaintiffs bringing TCPA claims" and it must be well-pled to support such a claim. *Davis v. Rockloans Marketplace, LLC*, 2024 WL 4896587, at *2 (S.D. Cal. Nov. 26, 2024). *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) ("Even at this pre-discovery stage, Plaintiffs should be able to allege facts establishing that the calls were in-fact pre-recorded" and such "information is known to Plaintiffs without any discovery"); *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) ("It is not ... proper to assume that [the plaintiff] can prove facts that [s]he has not alleged[.]"). The omission of such contextual detail here is fatal to the FAC.

**Fourth**, Plaintiff fails to meaningfully explain her contradictory allegations that suggest the messages were left by a live person. Instead, Plaintiff merely contends that "it is common to hear an automated message identify an individual by name." Dkt. 17 at 5. This does not explain why Plaintiff alleges that it was an "employee" of Kin who left the messages. Dkt. 10, ¶¶ 17, 23-24. And tellingly, Plaintiff does not allege that this "employee" <u>sounded</u> artificial or robotic. *Id*.

**Fifth**, Plaintiff misconstrues a handful of Kin's many cited authorities on this point, while

4

ignoring the balance. *See* Dkt. 17 at 5-6 (citing *Metzler*, *Hicks*, *Harris*, *Frato*). For example, nothing in *Metzler* states that receipt of two identical messages, without more, is sufficient to allege a prerecorded voice claim where the plaintiff ***did not provide the complete transcript of either call***. Instead, the court in *Metzler* cites another TCPA decision in which the court declined to dismiss a prerecorded voice claim where the plaintiff "also allege[d] that at least two of the prerecorded messages were identical and ***include[d] a transcript of those two messages***." *See Metzler*, 2023 WL 1779631, at *6 (citing *Rose v. New TSI Holdings, Inc.*, 2022 WL 912967, *2 (S.D.N.Y. Mar. 28, 2022) (emphasis added)). In other words, while both allegations ***might*** be sufficient, Plaintiff's here lack a critical component – the full transcript of either, much less both, messages. Further, Plaintiff appears to suggest that the prerecorded voice allegations in *Hicks* were insufficient solely because they did not reference the defendant. Not so. In *Hicks*, like here, the website referenced in the complaint included call recordings that ***were not identical*** to the plaintiff's. *Hicks v. Alarm.com Inc.*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020). Plaintiff's attempt to distinguish *Harris* also falls flat. There, the court dismissed because the plaintiff identified the caller by name, suggesting he spoke with a live person. Here, Plaintiff went one step further – identifying the caller by name ***and*** alleging she was an "employee" of Kin (*i.e.,* a live person, not a robot). Finally, in *Frato*, the plaintiff alleged contradictory allegations suggesting he spoke to a live person, just as Plaintiff did here. In short, all of these cases support Kin's position.

**Finally**, the authorities on which Plaintiff relies are readily distinguishable. For example, Plaintiff purports to suggest that all voicemails violate the TCPA by citing to a class certification decision in *Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, 2022 WL 4367596, at *5 (D. Conn. Sept. 21, 2022). That inapposite case holds nothing of the sort. Rather, it was apparently undisputed (or perhaps proven through discovery) that the alleged messages in that case

5

were prerecorded, and a deponent simply explained how the technology at issue in that particular instance worked. Nothing in that decision, or in any of the handful of other cases cited in Plaintiff's Opposition on this point, suggests that a live person leaving a routine voicemail message violates the TCPA. *See* Dkt. 17 at 6 (citing *Lenorowitz*, *Tyner*, *Susinno*, and *Alvarado*).

In *Rose v. New TSI Holdings, Inc.*, the plaintiff not only alleged that she received two identical calls and provided the transcript of those calls (presumably the full transcript, unlike here), but the plaintiff also alleged that his phone never rang when he received the messages. 2022 WL 912967, at *2 (S.D.N.Y. Mar. 28, 2022). The court found that these allegations suggested the type of "prerecorded" voicemails known as ringless voicemails. By contrast, here, Plaintiff does not allege she received ringless voicemails, nor does she provide the full transcript of either purported message.

Plaintiff also cites to *Evans v. Nat'l Auto Div., L.L.C.* (*see* Dkt. 17 at 3); however, whether the calls there were prerecorded was not at issue. *See* 2016 WL 885050, at *2 (D.N.J. Mar. 8, 2016). Instead, the *Evans* court found persuasive the "unnatural period of silence after Plaintiff answered the call" as indicative of use of an "automatic telephone dialing system" (or "ATDS" or "autodialer"), which is not a claim Plaintiff alleges against Kin in the present case. *See id*.

In *Smith v. Am.-Amicable Life Ins. Co. of Texas*, the court identified several factors that may support the use of a prerecorded voice, all but one of which are not alleged in Plaintiff's FAC in this case. 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (listing allegations that may support the use of a prerecorded voice, including "1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called."). However, Plaintiff omits that the *Smith* court ultimately dismissed the complaint at bar on this basis because the only factual allegations tending to support an inference that a prerecorded voice was used there

6

was the *similar* content of the calls. *Id*. at *3. The same deficiency exists in Plaintiff's FAC here.

In *Smith v. Pro Custom Solar LLC*, the court likewise actually dismissed the plaintiff's prerecorded voice claim because the plaintiff did not allege even a "minimal description of the voice or message" such as the voice's "clarity and cadence." 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). Here, while Plaintiff conclusorily alleges the "pattern and tone" of the message "made clear" that it was prerecorded, she does not actually describe what it was about the pattern or tone that would suggest it was prerecorded. Thus, *Smith v. Pro Custom Solar* does not support Plaintiff's position.

Plaintiff next relies on *Neptune v. Whetstone Partners, LLC* (*see* Dkt. 17 at 4), but that court seemingly conflated and did not distinguish between an autodialer or a prerecorded voice claim, which are two different TCPA claims with different pleading requirements. Plus, the facts that the *Neptune* court found suggestive of the use of one of those technologies was the sheer **volume** of calls, that **the content was exactly the same** for each, **how often** they occurred on **the same day**, and **plaintiff's demands the calls stop** went unheeded. *See* 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (alleging **45 calls** containing messages "reminding Plaintiff that his payment was due"). Those are not the facts here either. Instead, Plaintiff alleges two calls occurring over an unspecified time period.

Plaintiff cites *Sojka v. DirectBuy, Inc*. (*see* Dkt. 17 at 4), but that case was about voicemails allegedly prompting the call recipient to "press 1 to speak to a live operator[,]" thus arguably conceding they were prerecorded. 35 F. Supp. 3d 996, 1003 (N.D. Ill. 2014) (describing the content of five voicemails containing "generic statements that were repeated verbatim"). The same is true for *Abramson*, where the plaintiff allegedly was prompted to "press one" to be connected to an operator. *See* 2023 WL 1782728, at *3 (W.D. Pa. Feb. 6, 2023). Those are not the facts in this case.

Plaintiff further relies on *Greene v. Select Funding LLC* (*see* Dkt. 17 at 5), where the plaintiff alleged in his complaint that he knew the call at issue was prerecorded based, *inter alia*, on "the

speaker's 'content, tone and inflection'" and "cadence." 2021 WL 4926495, at *4 (C.D. Cal. Feb. 5, 2021). Again, Plaintiff's FAC in this case lacks any such contextual factual details about the speaker's tone of voice or cadence that would support a plausible inference that it was a recording that was played as opposed to a live person speaking and reading from a script. *See also Metzler*, 2023 WL 1779631, at *6 (dismissing in part on this basis under Rule 12(b)(6) where the plaintiff did not allege that "the voice in the [voicemail] message sounded artificial, nor d[id] he allege having received multiple messages that sounded identical"). Plaintiff's FAC contains no facts on how the speaker sounded whatsoever, and only offers conclusions parroting case law. Those are not "facts."

Lastly, Plaintiff cites *Rahn v. Bank of Am., N.A.,* 2016 WL 7325657 (N.D. Ga. June 24, 2016), which not only stands in contrast to the weight of applicable authorities discussed in the Motion and above on this point (not to mention does not cite ***any*** authority for its holding on prerecorded voice use), but is also factually distinguishable, as the plaintiff there answered the calls and ***interacted with the caller.*** *Id.* at *4. *See also Allison v. Wells Fargo Bank, N.A.,* 2022 WL 10756885, at *3 (S.D. Cal. Oct. 18, 2022) (dismissing on this basis and rejecting the plaintiff's argument that "the use of a 'prerecorded voice' is [a] self-defining" term, in contrast to the ill-reasoned holding in *Rahn*).

In sum, none of the authorities upon which Plaintiff relies suggest that the allegations in this case—which are incomplete, conclusory and contradictory—are sufficient to survive dismissal, as the Motion shows. As such, Plaintiff's FAC should be dismissed in its entirety for these reasons.

**b. Plaintiff Lacks Article III Standing to Recover Injunctive Relief.**

As Kin demonstrated, Plaintiff does not allege any facts suggesting an ongoing or possible future injury to her (*i.e.,* she will receive calls in the future from or on behalf of Kin) and, thus, lacks Article III to seek injunctive relief. *See* Dkt. 15 at 10-11 (citing *Aries, Stubenfield, In re Fluidmaster, Miller* and *Schaevitz*). In her Opposition, Plaintiff suggests she need only allege a statutory violation,

8

and that is all that is required for standing to seek injunctive relief under the TCPA. Dkt. 17 at 7-8. Plaintiff is wrong, and her cases are inapposite.

Indeed, Plaintiff relies heavily on *Snyder*, where the plaintiff provided evidence that other members of the putative class continued to receive calls from the defendant in alleged violation of the TCPA even after calls to the named plaintiff had stopped. *See Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 900 (N.D. Ill. 2017). Here, Plaintiff has provided no evidence that she or anyone else received any calls from Kin in alleged violation of the TCPA since this lawsuit was filed.

In *Owens-Benniefield v. Nationstar Mortg. LLC*, the defendant apparently argued that injunctive relief is not available under the TCPA. 258 F. Supp. 3d 1300, 1314 (M.D. Fla. 2017). Kin does not take that position here. Rather, Kin argues that Plaintiff had not adequately alleged a threat of future injury, as required to have standing to seek injunctive relief.

And in *Griffith v. ContextMedia, Inc.*, the plaintiff tried unsuccessfully for months to get the "unwanted texts" to stop, which the court found was sufficient to survive dismissal. 235 F. Supp. 3d 1032, 1035 (N.D. Ill. 2016). The same is true of *Burke v. Credit One Bank, N.A.*, where the plaintiff received "at least seven" calls after advising the defendant that they had reached the wrong number and asking that the calls cease. 2019 WL 1468536, at *1 (M.D. Fla. Feb. 5, 2019). No such allegations exist here, as this case involves only two calls in November 2024, which Plaintiff never answered and never tried to stop prior to filing this lawsuit.

Lastly, Plaintiff relies on *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, 2019 WL 3409487, at *8 (S.D. Fla. Apr. 3, 2019), which is non-binding and stands in stark contrast to the many authorities cited in Kin's Motion. Indeed, Plaintiff and the judge in *Wijesinha* both ignore the *Schaevitz v. Braman Hyundai, Inc.* case cited in Kin's Motion (*see* Dkt. 15 at 11), where a different district court in the Southern District of Florida held that "[t]he binding precedent in th[e] [Eleventh]

9

[C]ircuit is clear that for an injury to suffice for prospective relief, it must be imminent" and dismissed a TCPA plaintiff's request for injunctive relief where there was no alleged threat of future injury, without making any arbitrary distinction between "statutory" and "non-statutory" violations, like Plaintiff tries to draw here. 437 F. Supp. 3d 1237, 1251 (S.D. Fla. 2019) (quoting *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006)). Thus, *Wijesinha* is not even representative of settled Eleventh Circuit law in any event.

All told, these cases do not refute the authorities cited in the Motion showing that a plaintiff lacks Article III standing to pursue injunctive relief where, as here, she has failed to allege any threat of future injury. *See* Dkt. 15 at 10-11. Plaintiff does not address, much less attempt to distinguish, Kin's authorities on this front. Thus, Plaintiff lacks standing to seek, and the Court lacks subject matter jurisdiction to award, injunctive relief.

### c. Plaintiff's FAC Should Be Dismissed With Prejudice.

Finally, Plaintiff does not address Kin's argument that, should the Court dismiss her FAC, dismissal with prejudice is appropriate. Dkt. 15 at 11-12. Thus, Plaintiff concedes dismissal with prejudice is appropriate. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss[.]"); *U.S. v. Holm,* 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties," and "perfunctory and undeveloped arguments" are deemed waived).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's entire FAC should be dismissed with prejudice.

| | |
|---|---|
| Dated: May 16, 2025 | Respectfully submitted,<br><br>By: /s/ *A. Paul Heeringa*<br><br>A. Paul Heeringa (IL Bar # 6288233)<br>Madelaine Newcomb (IL Bar #6322725)<br>**Manatt, Phelps & Phillips, LLP**<br>151 N. Franklin Street, Suite 2600<br>Chicago, IL 60606<br>Telephone: (312) 529-6300<br>Email: pheeringa@manatt.com<br>           mnewcomb@manatt.com<br><br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, May 16, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

*/s/ A. Paul Heeringa*
