UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) KIN INSURANCE, INC., ) ) Defendant. ) ) | No. 25-cv-00213 Judge April M. Perry |

**OPINION AND ORDER**

Before the Court is a motion to dismiss filed by Kin Insurance, Inc. ("Defendant"), in response to the complaint filed by Sara Taylor ("Plaintiff") alleging violations of the Telephone Consumer Protection Act ("TCPA"). For the following reasons, Defendant's motion to dismiss the TCPA claim is denied, but Plaintiff's prayer for injunctive relief is dismissed with leave to amend.

As is appropriate in considering a motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). According to the complaint, in November 2024 Plaintiff received two phone calls from Defendant attempting to sell Plaintiff home insurance. Doc. 10 ¶¶ 15, 17. Plaintiff had not provided her telephone number to Defendant, nor did she have an account with Defendant or request an insurance quote. *Id.* ¶¶ 28-29. Plaintiff did not answer the calls, and so two voicemails were left. *Id.* ¶ 17. The voicemails had the same .wav file size, *id.* ¶ 20, and were "identical in tone, voice, content, and style." *Id.* ¶ 21. Plaintiff alleges the pattern and tone of speech made clear that the

messages were prerecorded, *id.* ¶ 27, and that therefore the calls violated the TCPA, which penalizes sales calls using artificial or prerecorded voices. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Because Defendant places such calls "as a matter of pattern and practice," *id.* ¶ 36, and other individuals have complained about receiving the same call from Defendant, *id.* ¶ 26, Plaintiff brought this case as a putative class action.

Defendant first challenges Plaintiff's complaint for sufficiency, arguing that Plaintiff has not pled facts to support the inference that Defendant's calls used an artificial or prerecorded voice. In support of this argument, Defendant cites numerous cases where courts dismissed TCPA claims because plaintiffs alleged that a call or voicemail was prerecorded in conclusory fashion or offered only a single fact from which to infer prerecording. *See*, *e.g.*, *Rahimian v. Adriano*, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022); *Allison v. Wells Fargo Bank, N.A.*, 2022 WL 10756885, at *3 (S.D. Cal. Oct. 18, 2022); *Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023).

While the Seventh Circuit has not addressed this issue, other courts in this district have found the pleading standard satisfied when "a TCPA plaintiff could describe … anything … about the circumstances of a call or message contributing to his belief it was prerecorded." *Sojka v. Direct Buy, Inc.*, 35 F.Supp.3d 996, 1003 (N.D. Ill. 2014) (quoting *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)). In *Sojka*, for instance, the plaintiffs alleged numerous facts indicating the calls were recorded, including the use of identical generic statements across five voicemails and other indicia that a live caller did not leave the messages. *Sojka*, 35 F.Supp.3d at 1003. Similarly, courts outside this district generally find that two or more facts consistent with use of a prerecorded voice are sufficient to state a claim. *See*, *e.g.*, *Slominski v. Globe Life Inc.*, 2024 WL 556978, at *6-7 (E.D.N.C. Feb. 12, 2024) (standard met

2

where plaintiff alleged that other individuals had received similar calls, that the sound of the speech was off, and that the calls sounded generic and scripted); *Rose v. New TSI Holdings, Inc.*, 2022 WL 912967, at *2 (S.D.N.Y. Mar. 28, 2022) (standard met where plaintiff alleged the voicemails were identical and that the phone never rang, suggesting a "ringless voicemail"); *Greene v. Select Funding, LLC*, 2021 WL 4926495, at *4 (C.D. Cal. Feb. 5, 2021) (standard met where plaintiff noted the speaker's content, tone, inflection, cadence, and the generic nature of the voice message).

Here, Plaintiff has plausibly alleged that Defendant used a prerecorded voice. First, Plaintiff alleged that the two voicemails she received were identical in tone, voice, content, and style. Second, she alleged others have complained about receiving the same call. Third, she alleged that the voicemails were generic (meaning, presumably, that they did not use Plaintiff's name or other identifying information) and had the exact same file size. Accepting these facts as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged that the voicemails she received were prerecorded in violation of the TCPA.

Defendant's arguments to the contrary are not persuasive. Defendant points out that Plaintiff omits certain details, such as full transcripts of the voicemails received, the total number of calls received, and whether Plaintiff answered or otherwise spoke to anyone on the calls. While Plaintiff could have alleged these additional facts, they are not necessary to plausibly state a TCPA claim. Rule 8 requires only "a short and plain statement of the claim," not every fact that a defendant can imagine. FED. R. CIV. P. 8(a)(2). The Court also rejects Defendant's argument that Plaintiff's complaint could be read to suggest that the voicemails were left by a live person because the complaint referred to the speaker as Defendant's employee named Carla. *See* Doc. 10 ¶¶ 17, 23-24. That could be a reasonable inference from the way the complaint is worded, but

3

it is also a reasonable inference that an employee named Carla prerecorded a message to leave on voicemails. On a motion to dismiss, the Plaintiff gets the benefit of the doubt. Accordingly, the Court denies Defendant's 12(b)(6) motion to dismiss Plaintiff's TCPA claim.

Defendant next argues that Plaintiff's prayer for injunctive relief should be dismissed under Rule 12(b)(1) for lack of Article III standing. When seeking injunctive relief, to have standing plaintiffs "must show a significant likelihood and immediacy of sustaining some direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000). Past exposure to the defendant's allegedly illegal conduct is insufficient. *Id*. at 443; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury"). Courts applying this principle in the context of the TCPA have generally found that allegations of past TCPA violations do not establish standing to pursue injunctive relief. *See*, *e.g.*, *Martin v. Bottom Line Concepts LLC*, 723 F.Supp.3d 270, 281-82 (S.D.N.Y. 2024) (no standing for injunctive relief where complaint only detailed one call received a month before suit was filed); *Schaevitz v. Braman Hyundai, Inc.*, 437 F.Supp.3d 1237, 1251-52 (S.D. Fla. 2019) (no standing for injunctive relief where plaintiff had not pled a risk of receiving future voicemails). Instead, a plaintiff must demonstrate "a real and immediate threat of repeated injury." *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985).

Here, Plaintiff's allegations do not support the inference that she is at risk of a repeated injury. Plaintiff alleges two calls within the span of a single month. These isolated prior harms, without more, offer the Court no basis to conclude that Plaintiff is likely to receive another pre-recorded call from Defendant in the future. Nor does the complaint plausibly allege that any class member has a real and immediate threat of repeated injury. Plaintiff's allegations with respect to class members are extremely thin, based "upon information and good faith belief" that Defendant

4

"routinely" uses pre-recorded voicemails, and that others have complained about receiving the same call that Plaintiff received. There are no allegations that these proposed class members have received repeated or continuing pre-recorded calls. For these reasons, Plaintiff has not plausibly alleged her standing to pursue injunctive relief under the TCPA.

Courts should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Although Plaintiff amended her complaint once already, she did so without the court's guidance. This Court typically gives plaintiffs at least one chance to amend their complaints after a motion to dismiss is ruled upon. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, while the Court strikes Plaintiff's claim for injunctive relief, it grants her leave to amend her complaint and allege more facts indicating a risk of repeated injury, assuming she can do so consistent with Rule 11.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in part and granted in part. The Court denies the motion as to Plaintiff's TCPA claim, but Plaintiff's prayer for injunctive relief under the TCPA is struck.

Dated: June 10, 2025

_____
APRIL M. PERRY
United States District Judge