**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>      v.<br><br>KIN INSURANCE, INC.,<br><br><br>                Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Kin Insurance, Inc. ("Defendant" or "Kin"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the first amended putative class action complaint (*see* Dkt. 10, "FAC") filed by Plaintiff Sarah Taylor ("Plaintiff") in the above-captioned matter, and answers, avers, and responds as follows:

**NATURE OF THE ACTION**

1.      As to the allegations in Paragraph 1 of the FAC, Defendant admits only that Plaintiff purports to bring a claim against Kin on behalf of herself and putative class members under the TCPA, but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, and denies that this case is worthy or capable of class treatment. Defendant further denies any and all remaining allegations of Paragraph 1 of the FAC.

2.      Defendant denies all allegations in Paragraph 2 of the FAC.

3.      Defendant denies all allegations in Paragraph 3 of the FAC.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but Defendant denies that this Court has federal subject matter jurisdiction in this action because, upon information and belief, Plaintiff lacks standing under Article III of the United States Constitution. Defendant denies any and all remaining allegations in Paragraph 4 of the FAC.

5.      The allegations in Paragraph 5 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court as a venue, but denies any implication of Defendant's liability. Any and all remaining allegations in Paragraph 5 of the FAC are denied.

6.      The allegations in Paragraph 6 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies that it violated the TCPA or any other law, or that it "directed" any form of conduct (lawful or unlawful) "from this District" or to "Plaintiff's cellular telephone" as alleged. Any and all remaining allegations in Paragraph 6 of the FAC are denied.

## PARTIES

7.      Defendant admits Plaintiff is a "natural person" as alleged in Paragraph 7 of the FAC but denies any implication of liability based on those allegations.

8.      The allegations in Paragraph 8 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent that a response is deemed required,

Defendant admits Plaintiff is a "person" but denies any implication of liability based on those allegations. Any and all remaining allegations in Paragraph 8 are denied.

9.      Defendant admits the allegations in Paragraph 9 of the FAC, but denies any implication of liability based thereon.

10.      The allegations in Paragraph 10 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant admits only that it is a corporation but denies any implication of liability based on those allegations. Any and all remaining allegations in Paragraph 10 are denied.

11.      As to the allegations in Paragraph 11 of the FAC, Defendant admits only that it may place live outbound calls to persons who have provided their consent to be called, have made an inbound call to Kin and requested a call back, or have otherwise solicited or requested to receive a call from Kin, and that Kin may leave a voicemail message if the called party does not answer, but denies Plaintiff's legal characterization as to the use of "recorded messages" during these calls, and further denies any implication of liability that may be inferred from these activities. Any and all remaining allegations in Paragraph 11 of the FAC are denied.

## FACTUAL ALLEGATIONS

12.      As to the allegations in Paragraph 12 of the FAC, Defendant denies upon information and belief that Plaintiff is the "subscriber to and customary user" of the cellular phone number at issue in this action, which is not provided in the FAC, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 12 of the FAC are denied.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 13 of the FAC are denied.

14.     As to the allegations in Paragraph 14 of the FAC, Defendant denies upon information and belief that the cellular phone number at issue in this action, which is not provided in the FAC, was called "intending to reach someone other than Plaintiff." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 14 of the FAC are denied.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 15 of the FAC are denied.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 16 of the FAC are denied.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 17 of the FAC are denied.

18.     Defendant denies all allegations in Paragraph 18 of the FAC.

19.     Defendant denies all allegations in Paragraph 19 of the FAC.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 20 of the FAC are denied.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 21 of the FAC are denied.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 22 of the FAC are denied.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 23 of the FAC are denied.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 24 of the FAC are denied.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 25 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 25 of the FAC are denied.

26.     Defendant responds that the website referenced in Paragraph 26 of the FAC speaks for itself and is the best evidence of its contents and, therefore, no response it required. To the extent that a response is deemed required, Defendant denies that the contents of the cited website are accurate or reflect unlawful actions by or on behalf of Kin, or that Kin violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 26 of the FAC.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 27 of the FAC are denied.

28.     Defendant denies all allegations in Paragraph 28 of the FAC.

29.     Defendant denies all allegations in Paragraph 29 of the FAC.

30.     Defendant denies all allegations in Paragraph 30 of the FAC.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 31 of the FAC are denied.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 32 of the FAC are denied.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the FAC to the extent the full number is not provided and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 33 of the FAC are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the FAC and, on this basis, denies them, and further denies any implication of liability against Defendant relating thereto. Any remaining allegations in Paragraph 34 of the FAC are denied.

35.     Defendant denies all allegations in Paragraph 35 of the FAC.

36.     Defendant denies all allegations in Paragraph 36 of the FAC.

## CLASS ACTION ALLEGATIONS

37.     As to the allegations in Paragraph 37 of the FAC, Defendant admits only that Plaintiff purports to bring a claim on behalf of herself and putative class members, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 37 are denied.

38.     As to the allegations in Paragraph 38 of the FAC, Defendant admits only that Plaintiff purports to exclude Defendant and any entities in which the Defendant has a controlling interest, from a putative class, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations

in Paragraph 38 are denied.

39.    Defendant denies all allegations of Paragraph 39 of the FAC.

40.    As to the allegations in Paragraph 40 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 40 are denied.

41.    As to the allegations in Paragraph 41 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 41 are denied.

42.    As to the allegations in Paragraph 42 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 42 are denied.

43.     Defendant denies all allegations in Paragraph 43 of the FAC.

44.     Defendant denies all allegations in Paragraph 44 of the FAC.

45.     Defendant denies all allegations in Paragraph 45 of the FAC.

46.     Defendant denies all allegations in Paragraph 46 of the FAC.

47.     As to the allegations in Paragraph 47 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 47 are denied.

48.     Defendant denies all allegations in Paragraph 48 of the FAC.

49.     Defendant denies all allegations in Paragraph 49 of the FAC.

50.     Defendant denies all allegations in Paragraph 50 of the FAC.

51.     As to the allegations in Paragraph 51 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 51 are denied.

52.     Defendant admits the allegations in Paragraph 52 of the FAC.

53.     Defendant denies all allegations in Paragraph 53 of the FAC.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the FAC and, on this basis, denies them.

55.     Defendant denies all allegations in Paragraph 55 of the FAC.

56.     Defendant denies all allegations in Paragraph 56 of the FAC, including all subparts.

57.     Defendant denies all allegations in Paragraph 57 of the FAC.

58.     Defendant denies all allegations in Paragraph 58 of the FAC.

59.     Defendant denies all allegations in Paragraph 59 of the FAC.

60.     Defendant denies all allegations in Paragraph 60 of the FAC.

61.     Defendant denies all allegations in Paragraph 61 of the FAC.

62.     Defendant denies all allegations in Paragraph 62 of the FAC.

63.     Defendant denies all allegations in Paragraph 63 of the FAC.

64.     Defendant denies all allegations in Paragraph 64 of the FAC.

65.     Defendant denies all allegations in Paragraph 65 of the FAC.

**Count I:**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

66.     Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for Paragraph 66.

67.     Defendant denies all allegations in Paragraph 67 of the FAC.

68.     Defendant denies all allegations in Paragraph 68 of the FAC.

**<u>Prayer for Relief</u>**

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" of Plaintiff's FAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on pages 7-8 of the FAC, or to any relief whatsoever,

10

and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the FAC.

## **GENERAL DENIALS**

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands strict proof thereof. Defendant further denies that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's error should not be construed against Defendant and should be construed as a denial rather than an admission of liability.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant joins Plaintiff's jury trial demand, and Kin demands a trial by jury of all issues triable of right by jury.

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All

defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant reserves the right to bring affirmative claims or to seek sanctions against Plaintiff as permitted by applicable rules and law.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

As reflected in Defendant's motion to dismiss filed in this action (*see* Dkt. Nos. 15, 18) and the briefing related thereto, which are incorporated herein by reference, and for other reasons, and notwithstanding the Court's ruling to the contrary on said motion (with which Kin respectfully disagrees), Plaintiff's claims are barred in whole or in part because the FAC fails to state a claim for relief or to plead facts supporting such a claim or facially-certifiable class allegations. In particular, Plaintiff's FAC fails to, among other things, (1) set forth facts sufficient under federal pleadings standards to state or constitute a claim against Defendant under the TCPA, (2) state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from Defendant, or (3) plead facially-certifiable class allegations. Further, Defendant contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

### SECOND AFFIRMATIVE DEFENSE

#### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry her burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

### THIRD AFFIRMATIVE DEFENSE

#### (Consent Provided or Not Required)

Plaintiff's claims are barred in whole or in part because, to the extent she received any calls

12

directly from Defendant, which Defendant denies, or from third parties on Defendant's behalf in this action, if any, she consented to receiving said calls and/or her consent was not required on account of the fact that the calls were not advertising, marketing, or solicitations under the TCPA nor unwanted and, in fact, were solicited by Plaintiff, and/or the caller did not employ a prohibited "artificial or prerecorded voice" message within the meaning of the TCPA to call Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred because, to the extent she received any calls directly from Defendant or on behalf of Defendant, which Defendant denies, such calls were the result of a bona fide error.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the allegations in the FAC, Defendant acted in good faith, reasonably and without actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or other alleged wrong done to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Acts / Vicarious Liability)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable. In particular, Defendant states that, upon information and belief, that an individual purportedly named "Missie Gossett" (or who provided that name) may have provided Plaintiff's consent to be called, or provided Plaintiff's cellular phone number for the ostensible purpose of obtaining an insurance quote or to fabricate a TCPA claim,

possibly with Plaintiff's knowledge and participation. Further, to the extent Plaintiff is asserting a vicarious liability theory in the FAC, Defendant did not authorize any third-party to place any calls in the manner alleged in the FAC (*i.e.*, without consent or using an artificial or prerecorded message) or control any third party and that third party's call campaign, as is required for vicarious liability under the TCPA. To the extent a third-party made the calls as alleged, which Defendant denies, that third-party was not authorized to make, and in fact expressly prohibited from making, calls in such a manner. Accordingly, Defendant is not vicariously liable under the TCPA for such activity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who provided Plaintiff's alleged telephone number in this case or and third party Plaintiff contends made the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution.

Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the U.S. Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *U.S. v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that, upon information and belief, Plaintiff consented to receiving the at issue communications, Plaintiff's alleged claims in this case lack any basis in law or fact and/or do not exist, and/or Plaintiff requested, sought out, consented to, induced

15

or otherwise encouraged phone calls or texts for the sole or intended purpose of bringing TCPA claims or without having suffered any injury, and/or to the extent her claims are the result of fraud.

In particular, to the extent that discovery reveals that Plaintiff, someone acting on her behalf, or someone acting in conjunction with Plaintiff, provided Plaintiff's alleged cellphone number to Kin for the express purposes of receiving the subject communications and for the intended purpose of bringing a TCPA claim, that Plaintiff's participation in such events may constitute actionable fraud, as well as potentially fraud committed by others, among other potential causes of action against such persons. Defendant therefore reserves the right to amend its Answer and Affirmative Defenses to bring a counterclaim or third party claim in relation thereto.

Further, Plaintiff's claims may be or are barred in whole or in part by any applicable statutes of limitation.

For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Assertion of All Available Defenses Under the TCPA)

Defendant asserts, without limitation, all defenses available to it under the TCPA and its related implementing regulations, including but not limited to that (i) Defendant did not call Plaintiff without consent and did not use an "artificial or prerecorded voice" to call Plaintiff (in fact, Kin contends that Plaintiff provided her "prior express written consent" to be called, or caused others to do so), (2) Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA's regulations, and (3) such practices and

16

procedures were in place and followed at all relevant times. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff did not receive a prerecorded call from Defendant, and to the extent Plaintiff consented to receiving the calls at issue in this action, requested to be called, induced the calls for the express purpose of bringing this lawsuit, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendant and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons. In particular, Defendant states that, upon information and belief, that an individual purportedly named "Missie Gossett" (or who provided that name) may have provided Plaintiff's consent to be called, or provided Plaintiff's cellular phone number for the ostensible purpose of obtaining an insurance quote or to fabricate a TCPA claim, possibly with Plaintiff's knowledge and participation. Plaintiff further lacks standing to the extent that she did not receive the calls at issue, or the at-issue calls did not involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA, among other reasons. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA and available under applicable law and FCC guidelines.

Further, Defendant asserts that unnamed class members may lack Article III standing, even if Plaintiff is demonstrated to have standing, and therefore Defendant submits that such putative class members are barred from seeking relief under the TCPA and that class certification should not be permitted. *See, e.g., Huber v. Simon's Agency, Inc.*, 2023 WL 6629836 (3rd Cir. Oct. 12, 2023).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

All conduct and activities of Defendant, including any purported agents, alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any unidentified third parties who did not have Defendant's consent or authority to call Plaintiff on their behalf or at all in the manner described in the FAC (*i.e.*, using a prerecorded voice message). To the extent a third-party made the calls as alleged that third-party was not authorized to make, and in fact expressly prohibited from making, calls in such a manner. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by

18

or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others. This is because, among other reasons, Plaintiff consented to receiving the calls at issue, and/or expressly invited or solicited the calls for the intended purpose of bringing a TCPA claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Cannot Meet the Requirements for Class Treatment)

Plaintiff does not meet and cannot meet the class certification requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality, and/or adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries. Plaintiff also cannot meet the requirements for class certification because she is not a member of the class she seeks to represent to the extent that there has been no TCPA violation and she consented to be called or solicited the calls. Moreover, some or all of the purported claims in the FAC are barred because Plaintiff has not and cannot show that class action treatment is superior to other methods for the fair and efficient adjudication of this controversy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff has failed to state facts that would entitle Plaintiff to obtain injunctive relief because, among other reasons, there is no threat of immediate, imminent, and/or continuing harm, and

therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Mandatory Individual Arbitration)

Plaintiff's claims are barred, in whole or in part, to the extent that Defendant determines that said claims are subject to a mandatory binding individual arbitration agreement between the parties, and/or to the extent Plaintiff agreed to waive her right to seek class treatment, particularly to the extent it is determined that Plaintiff opted in to Defendant's terms and conditions. Defendant has not made such determinations at this time and, therefore, will move to compel arbitration if/when possible, if it learns of such a right in discovery. In the interim, Defendant's participation in this matter should not be considered a waiver in this regard.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional and Other Defenses)

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

## RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES

Defendant expressly reserves the right to amend its responses and affirmative defenses above for any reason as permitted by applicable rules, orders, and law. Defendant further reserves the right

20

to move to compel Plaintiff to arbitrate his claims, if and when it is determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of Kin's arbitral rights. Defendant reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. For the avoidance of doubt, Defendant reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's FAC with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated: July 1, 2025                              Respectfully submitted,

                                                 By: _/s/ A. Paul Heeringa_____

                                                     A. Paul Heeringa (IL Bar # 6288233)
                                                     Madelaine Newcomb (IL Bar #6322725)
                                                     **Manatt, Phelps & Phillips, LLP**
                                                     151 N. Franklin Street, Suite 2600
                                                     Chicago, IL 60606
                                                     Telephone: (312) 529-6300
                                                     Email: pheeringa@manatt.com
                                                            mnewcomb@manatt.com

                                                     *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 1, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ A. Paul Heeringa