IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. 25-cv-00213 |
| Plaintiff, | : : | |
| v. | : : | |
| KIN INSURANCE, INC. | : : | |
| Defendant. | : : | |

**JOINT INITIAL STATUS REPORT**

1. **The Nature of the Case:**

   a. **Identify (names and contact information) all attorneys of record for each party;**

   *For Plaintiff:*

   Anthony Paronich (Lead Trial Attorney)
   Paronich Law, P.C.
   350 Lincoln Street, Suite 2400
   Hingham, MA 02043
   T: 508-221-1510
   anthony@paronichlaw.com

   For *Defendant*:

   A. Paul Heeringa – Lead Trial Attorney
   Madelaine A. Newcomb
   Manatt, Phelps & Phillips, LLP
   151 N. Franklin Street, Suite 2600
   Chicago, IL 60606
   (312) 529-6308
   pheeringa@manatt.com
   mnewcomb@manatt.com

   b. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims;**

This putative class action alleges that defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

Defendant disputes these allegations and its liability, or that this case is capable of or appropriate for class treatment. No counterclaims are pending before the Court at this time, as Defendant has not yet responded to the Complaint. Defendant reserves all rights and defenses.

c. **Briefly identify the major legal and factual issues in the case; and**

- Whether Plaintiff or any putative class member has Article III standing;
- Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether the Defendant's conduct was "knowing or willful";
- Whether calls were made with consent within the meaning of the TCPA or whether consent was required under the circumstances; and
- Whether the alleged calls (a) used a pre-recorded message and (b) whether the calls at issue are telemarketing;
- Whether Defendant is directly or vicariously liable under the TCPA for the alleged calls.
- Whether there are factual differences between the circumstances of the alleged calls to the Plaintiff and those of other members of the putative class that are relevant to the Rule 23 analysis.
- 

d. **State the relief sought by any of the parties.**

The Plaintiff seeks to certify the following class:

> All persons throughout the United States (1) to whom Kin Insurance, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Kin Insurance, Inc., (3) in connection with which Kin Insurance, Inc. used an artificial or

prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA.

Defendant disputes that Plaintiff or any putative class member is entitled to the foregoing relief or any relief whatsoever.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**
   a. **Identify all federal statutes on which federal question jurisdiction is based;**

    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant does not concede any arguments with respect to federal subject matter jurisdiction, to the extent Plaintiff lacks Article III standing.

   b. **If jurisdiction over any claim is based on diversity or supplemental jurisdiction:**
      i. **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute);**
      ii. **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. Note that individuals are citizens of the state where they are domiciled which**

        may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).
      iii. A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

3. **Status of Service: Identify any defendants that have not been served.**

   None.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.**

   The parties can confirm the same.

5. **Motions:**
   a. **Briefly describe any pending motions.**

      None.

   b. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

   Defendant anticipates filing its answer and affirmative defenses on July 1, 2025,

   consistent with the deadline set forth by the Court. *See* Dkt. 21.

6. **Case Plan:**
   a. **Submit a proposal for a discovery plan, including the following information:**
      i. The general type of discovery needed;
      ii. A date for Rule 26(a)(1) disclosures;
      iii. First date by which to issue written discovery;
      iv. A fact discovery completion date;
      v. An expert discovery completion date, including dates for the delivery of expert reports; and
      vi. A date for the filing of dispositive motions.

**Plaintiff:** The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

The Parties do not agree on a discovery schedule. The Plaintiff opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case last year. *See Zielonksi v. eHealth Insurance Services, Inc.,* Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should hold the same here.

Indeed, the Plaintiff has not pointed to any issues that are genuinely unique to the Plaintiff. First, as to who "physically made the call", Kin has not demonstrated that a different company was involved in Ms. Taylor's call than any other calls made. Similarly, all putative class members will equally have to demonstrate that a pre-recorded voice was used on the call. Finally, Kin has also not demonstrated that it gathered consent in any unique manner for Ms. Taylor as opposed to other putative class members.

| Event | Deadline |
|---|---|
| First Date to Issue Written Discovery | June 27, 2025 (the date of the parties 26(f) conference) |
| Initial Disclosures | July 18, 2025 |
| Completion of Fact Discovery | March 2, 2026 |
| Disclosure of Expert Report(s) | March 24, 2026 |
| Deposition of Expert(s) | May 1, 2026 |
| Rebuttal Report(s) | June 2, 2026 |
| Dispositive Motions | June 23, 2026 |
| Class Certification Motion | June 23, 2026 |

**Defendant:** Defendant submits that evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to Defendant's alleged liability, the merits of the underlying TCPA claims and Defendant's affirmative defenses thereto, constitutional or prudential standing to bring the asserted claims,

causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the Complaint and relevant evidence in the possession of third parties, if any.

      Defendant believes that bifurcated discovery—during which the parties would initially focus discovery for a period of 90 days on the merits of Plaintiff's individual TCPA claims and then brief summary judgment as to said claims, before moving on to broader discovery (if at all)—would be more efficient for all. Defendant contends that there are narrow case-dispositive issues unique to Plaintiff in this case (e.g., who physically made the subject call for direct or vicarious liability purposes, if the call was "prerecorded," or whether Plaintiff consented or her consent was required) that can be efficiently resolved at the outset, which may obviate the need for class discovery. Courts in this District and elsewhere have often bifurcated discovery in TCPA cases for this reason. *See, e.g., Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5–6 (N.D. Ill. July 19, 2018); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Physicians Healthsource, Inc. v. Janssen*, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014); *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020). Accordingly, Defendant respectfully requests that it be granted leave to file a formal motion to bifurcate discovery, demonstrating why bifurcation would be appropriate in this case, before the Court enters a discovery schedule.

      **b. With respect to trial, indicate the following:**

    i. **Whether a jury trial is requested; and**
    ii. **The probable length of trial.**

A jury trial has been requested and if the class is certified, a trial is likely to take five days.

7. **Status of Settlement Discussions:**
   a. **Indicate whether any settlement discussions have occurred;**
   b. **Describe the status of any settlement discussions; and**
   c. **Indicate whether the parties request a settlement conference**.

The parties have had settlement discussions and intend to continue those, but the parties do not request a settlement conference at this time.

Dated: July 5, 2025

Respectfully submitted,

By: /s/ Anthony I. Paronich  (with permission)
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

By: /s/ A. Paul Heeringa
A. Paul Heeringa (ARDC # 6288233)
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
(312) 529-6300
pheeringa@manatt.com

*Attorneys for Defendant*