**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Sara Taylor
                                            Plaintiff,

v.                                                                               Case No.: 1:25−cv−00213
                                                                                      Honorable April M. Perry

Kin Insurance, Inc.
                                            Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 9, 2025:

      MINUTE entry before the Honorable M. David Weisman: This case has been referred to Magistrate Judge Weisman for discovery supervision, including authority to set and adjust discovery deadlines, and a settlement conference, if requested. The Court has reviewed the parties' initial status report [23] and sets the following deadlines: Rule 26(a)(1) disclosures to be made by 7/18/25; written discovery to issue by 8/1/25; third−party document subpoenas to issue no later than 10/3/25; fact discovery to be completed by 2/27/26. Defendant's request to bifurcate class and merits discovery (see joint status report [23]) is denied without prejudice. Defendant's reference to "narrow case−dispositive issues unique to Plaintiff in this case (e.g., who physically made the subject call for direct or vicarious liability purposes, if the call was "prerecorded," or whether Plaintiff consented or her consent)" is unsupported with any case−specific information, and the examples provided are generally applicable to all plaintiffs in this type of TCPA case. Defendant may renew its request (with appropriate support) at a later date. Initial round of discovery requests shall be propounded pursuant to the Federal Rules of Civil Procedure, and any additional requests must be made either by agreement between the parties or with Court approval, which will be granted liberally earlier in the discovery process but only with explanation later in the discovery process. Any motions for protective/ confidentiality orders are due by 8/25/25. The motion shall indicate whether it is agreed. The proposed confidentiality order should be based on the Form LR 26.2 Model Confidentiality Order, and the parties must submit a clean copy of their proposed order, along with a corresponding redlined copy against the Court's model order, to the Court's proposed order email address: Proposed_Order_Weisman@ilnd.uscourts.gov. If the proposed order is acceptable to the Court, it will be entered. Status hearing set for 9/18/25 at 1:00 p.m. Joint status report due by noon on 9/16/25 setting forth the status of written discovery; a list of anticipated depositions; whether the parties request a settlement conference; and any other issues the parties wish to raise. If either party requires the Court's attention prior the 9/18/25 status hearing, that party shall either file a motion or contact the Courtroom Deputy, Alyssia_Owens@ilnd.uscourts.gov. Mailed notice (ao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.