IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>KIN INSURANCE, INC.,<br><br>            Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry<br>           Hon. M. David Weisman |

**DEFENDANT'S MOTION TO AMEND
SCHEDULING ORDER TO BIFURCATE DISCOVERY**

Pursuant to Fed. R. Civ. P. 16(b)(4) and 26(c), Defendant Kin Insurance, Inc. ("Kin") hereby respectfully moves to amend the current scheduling order entered on July 9, 2025 in this matter (*see* Dkt. 26, hereafter, the "Order") to bifurcate discovery between the merits of the individual claim of Plaintiff Sara Taylor ("Plaintiff") and the putative class members' claims, for the sake of judicial and party economy, and states as follows:

1. Through this Motion, Kin seeks to bifurcate discovery, for the sake of judicial and party economy, focusing the initial discovery phase on narrow issues unique to the individual claim of the named Plaintiff Sara Taylor ("Plaintiff") first, and resolving those issues through summary judgment briefing, before moving to broader discovery (like class discovery), if at all.

2. This Court has broad discretion to control its docket under Rule 26(c), including the discretion to bifurcate or otherwise structure the timing and scope of discovery. There is "good cause" under Rule 26(c) to bifurcate discovery in this case, as it would be more efficient.

3. In her putative class action complaint, Plaintiff seeks to hold Kin liable under 47

U.S.C. § 227(b) of the Telephone Consumer Protection Act ("TCPA"), for calls allegedly made using a prerecorded voice to her phone number, and seeks nationwide class treatment. *See generally* Dkt. 10. However, to have Article III standing to bring and prevail on the merits of such a claim here, Plaintiff's TCPA claim hinges, *inter alia*, on whether she (1) received a "prerecorded" voicemail message on her cell phone; and (2) provided her "prior express consent" to receive such calls. *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1)(iii).

4. Kin proffers that discovery will show that it obtained consent to contact the subject phone number 706-391-XXXX on multiple occasions. The multiple opt-ins all contained similar lead data, including the name "Missie Gossett" and the same mailing address. This same lead data has also appeared in other cases involving Plaintiff. *See, e.g., Taylor v. NextGen Leads LLC*, No. 3:24-cv-00125-TES (M.D. Ga. Jan. 31, 2025) (Dkt. 10-1).

5. Further, these were not "aged" or "old" leads – the calls occurred within days of the opt-ins and during the time frame in which Plaintiff contends she owned the phone number. Thus, the question is not whether Kin obtains consent as a matter of practice and/or whether that consent is valid across the putative class; rather, the question is unique to the named Plaintiff – did she receive a "prerecorded" voicemail and, if so, did she or someone on her behalf provide consent to be contacted by Kin?

6. As such, whether Plaintiff or someone on her behalf provided consent is undoubtedly a critical threshold dispositive factual and legal issue in this case, and this will be a heavy focus of discovery going forward and at the summary judgment stage here. That is because, among other things, this issue would be fully case dispositive.

7. Consequently, there is simply no good reason why the parties or the Court should be burdened with conducting unnecessary, costly, and time-consuming discovery in this case at

this time, beyond the limited discovery needed to resolve the narrow case-dispositive question of whether Plaintiff received a "prerecorded" voicemail and/or provided consent to receive calls from Kin—among other narrow issues unique to Plaintiff's individual TCPA claim against Kin, for which no class discovery is needed to resolve.

8. As cited and demonstrated in the accompanying Memorandum of Law, such bifurcated discovery approaches have been approved by numerous federal courts (including courts in this District) in TCPA cases for the sake of judicial and party economy, recognizing it is sometimes much more efficient for the parties and courts to address and resolve narrow case-dispositive issues specific to the named plaintiff first before conducting broader discovery, in appropriate cases. These courts have found there are often narrow case-dispositive issues in TCPA cases that are unique to the named plaintiff that can be efficiently and quickly resolved through focused bifurcated discovery, and for which burdensome class discovery is not necessary to resolve. The same is true here.

9. This Motion is supported by the accompanying Memorandum of Law, which is expressly incorporated herein by reference as if fully stated.

10. A proposed order is being submitted to chambers for the Court's consideration.

11. Pursuant to Local Rule 37.2, the undersigned consulted via telephone with counsel for Plaintiff, Anthony Paronich, on June 27, 2025 and via email on July 16, 2025 in a good faith attempt to reach an agreement on the relief sought in this Motion, but the parties were unable to reach an accord.

WHEREFORE, for all these reasons, the Court should grant this Motion, amend the scheduling order to bifurcate discovery, and enter the proposed bifurcated discovery order submitted concurrently herewith, or a substantially similar bifurcated discovery scheduling order,

along with granting all other relief deemed just and proper.

Dated: July 17, 2025

Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa (IL ARDC #6288233)
**MANATT, PHELPS & PHILLIPS, LLP**
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on July 17, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

<u>/s/ <i>A. Paul Heeringa</i></u>
A. Paul Heeringa
