IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>KIN INSURANCE, INC.,<br><br>        Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry<br>        Hon. M. David Weisman |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO AMEND SCHEDULING ORDER TO BIFURCATE DISCOVERY**

I.  **INTRODUCTION**

This putative class action matter is a <u>prime</u> candidate for bifurcated discovery—where the parties would initially focus discovery on narrowly-tailored issues relevant to the merits of Plaintiff Sara Taylor's ("Plaintiff") individual claim against Kin Insurance, Inc. ("Kin") for a short period of 90 to 120 days, before conducting broader and more costly discovery if necessary. To do so would be much more efficient, conserve judicial and party resources, not prejudice anyone, and possibly lead to a swift resolution of this case.

Indeed, while bifurcated discovery may not be appropriate in all class actions, courts in and beyond the Seventh Circuit (including in this District) have often bifurcated discovery in putative class actions seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), like this case, recognizing that doing so is more efficient and cost effective for all concerned. *See, e.g., Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.,* 2018 WL 3474444, at *5–6 (N.D. Ill. July 19, 2018) (bifurcating discovery in TCPA case); *Moore v. Demand Sci. Grp., LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (bifurcating discovery in TCPA class action, noting "it [wa]s more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery [wa]s minimal"); *Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (bifurcating discovery in TCPA class action, finding that judicial economy and lack of prejudice to plaintiff weighed heavily in favor of bifurcation); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery in TCPA class action, holding: "[B]ifurcating discovery into two phases … will promote the efficient resolution of this matter" and "will cause no significant prejudice to Plaintiff."); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (same, holding that "in the interests

of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved."); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (same, holding that "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken").

In fact, as one court recently noted in a similar TCPA "prerecorded" call case, "[i]n cases [like this one] asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). *See also Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA class action on the merits of plaintiff's individual claim, after determining that whether prohibited automated technology was used during the calls was a narrow issue of liability unique to the plaintiff and distinct from class certification, noting that "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery"). This Court should rule similarly, and bifurcate discovery here for the sake of judicial and party economy.

The grounds to bifurcate in this particular case are compelling. Plaintiff's TCPA claim hinges, *inter alia*, on whether she (1) received a "prerecorded" voicemail message on her cell phone; and (2) provided her "prior express consent" to receive such calls. *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1)(iii). Kin proffers that discovery will show that it obtained consent to contact the subject phone number 706-391-XXXX on multiple occasions. The multiple opt-ins all contained similar lead data, including the name "Missie Gossett" and the same mailing address.

This same lead data has also appeared in other cases involving Plaintiff. *See, e.g., Taylor v. NextGen Leads LLC*, No. 3:24-cv-00125-TES (M.D. Ga. Jan. 31, 2025) (Dkt. 10-1). Further, these were not "aged" or "old" leads – the calls occurred within days of the opt-ins and during the time frame in which Plaintiff contends she owned the phone number. Thus, the question is not whether Kin obtains consent as a matter of practice and/or whether that consent is valid across the putative class; rather, the question is unique to the named Plaintiff – did she receive a "prerecorded" voicemail and, if so, did she or someone on her behalf provide consent to be contacted by Kin? If proven to be true, Plaintiff's TCPA claim fails and **this entire case is over**.[1]

Consequently, there is no good reason why the parties or the Court should be burdened with conducting unnecessary, costly, and time-consuming discovery beyond the limited discovery needed to resolve the foregoing narrow case-dispositive questions unique to Plaintiff's individual TCPA claim (among others), for which no class discovery is needed to resolve. *See also Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA class action, holding: "[T]he need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims.").

---

[1] *See, e.g.*, *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union*, 708 F.3d 737, 743 (6th Cir. 2013) (affirming dismissal of TCPA claims because plaintiff did not receive any prerecorded calls); *Moffet v. Everglades Coll., Inc.,* 2024 WL 1657195, at *3 (M.D. Fla. Mar. 4, 2024), *report and rec. adopted in part by* 2024 WL 3342265 (June 5, 2024) (dismissing on the basis that plaintiff did not adequately allege receipt of a prerecorded call); *Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365, 372-375 (6th Cir. 2015) (affirming summary judgment where defendant did not place and was not vicariously liable for the calls); *Carson v. Home Depot, Inc.,* 2022 WL 2954327, at *5 (N.D. Ga. July 26, 2022) (dismissing TCPA case on direct and vicarious liability grounds); *Shields v. Sonora Quest Lab'ys, LLC*, 2017 WL 3841489, at *9 (D. Ariz. Mar. 29, 2017) (granting summary judgment and denying certification in TCPA case where plaintiff consented to the subject calls, holding "Plaintiff's claims do not succeed and she, therefore, is not a member of the class"); *Ybarra v. Dish Network, L.L.C.,* 807 F.3d 635, 640 (5th Cir. 2015) (To be liable for such a TCPA claim, "a defendant must make a call and an artificial or prerecorded voice **must actually play**.") (emphasis added); *Van Patten v. Vertical Fitness Grp., LLC,* 847 F.3d 1037, 1044 (9th Cir. 2017) (prior express consent is a "complete defense" to any TCPA claim).

3

As shown above and further demonstrated below, similar bifurcated discovery approaches have been approved by numerous district courts in the Seventh Circuit and elsewhere in TCPA cases like this one for the sake of judicial and party economy. A short initial discovery period here, during which the parties focus on the merits of Plaintiff's individual TCPA claim, would not prejudice Plaintiff or Kin and would further conserve judicial resources by avoiding discovery disputes that may be unnecessary if this case is dismissed. By stark contrast, Kin will suffer hardship if forced to engage in costly and burdensome class and other broader discovery that will likely be rendered moot if (and indeed when) Plaintiff's individual TCPA claim fails on its merits on a summary judgment motion.

In sum, there is ample "good cause," for the sake of efficiency, for this Court to exercise its broad discretion under Rule 26(c) to bifurcate discovery in this case.

## II. ARGUMENT

As shown below, given the need to resolve the narrow case-dispositive questions of whether Plaintiff received a "prerecorded" voicemail message and/or provided her consent to receive such calls, among other narrow issues unique to her individual TCPA claim, and given the prejudice to Kin of conducting broader and potentially wasteful discovery, this Court should exercise its discretion and bifurcate discovery here.

### A. This Court Has Broad Discretion to Bifurcate Discovery, and Many Courts Have Done So In Appropriate TCPA Cases For Efficiency Purposes.

It is well-accepted that federal district courts have broad discretion to control their dockets under Rule 26(c), including the discretion to bifurcate or otherwise structure the timing and scope of discovery. *See, e.g., Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *James v. Hyatt Regency Chi.,* 707 F.3d 775, 784 (7th Cir. 2013). *See also* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

4

burden or expense"). Courts have found that exercising this discretion is especially appropriate in cases where, as here, (i) "some limited, first-stage [discovery] could stave off substantial wasted efforts" (*Am.'s Health,* 2018 WL 3474444, at *6), and/or (ii) bifurcation "serves judicial economy and does not unfairly prejudice any party (*Guido v. Travelers Cos. Inc.*, 2023 WL 5658920, at *1 (E.D. Ky. Aug. 31, 2023) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 2007))).

Further, federal courts across the country and in this District have often bifurcated discovery in **TCPA** cases such as this one for efficiency purposes, so the parties can focus first on the narrow plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims before addressing broader issues, like class discovery. *See, e.g.*, *Am.'s Health,* 2018 WL 3474444, at *6 (bifurcating discovery to focus on whether plaintiff received a fax in violation of the TCPA); *see also Moore*, 2024 WL 175743, at *1 (bifurcating discovery in TCPA case given minimal overlap between class and individual issues); *Sapan*, 2025 WL 1932935, at *3 (bifurcating discovery to focus first on plaintiff's suitability to represent a class); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023) (noting: "In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery."; and holding that, because the plaintiff's consent was an issue unique to her, "bifurcation of discovery to first address the individual [TCPA] liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate"); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, noting: "[T]he need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims."); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan.

5

12, 2021) (bifurcating discovery in TCPA class action on the merits of plaintiff's individual claim, noting "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery"); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (bifurcating discovery in TCPA class action where doing so served the interests of justice, as class discovery was not needed to address certain issues that may be dispositive of the plaintiff's individual claim) (citing various cases); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA class action where "Defendants ha[d] presented evidence suggesting that [plaintiff's] TCPA claims are without merit as a matter of law" and, thus, finding that "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken"); *Physicians Healthsource, Inc. v. Janssen*, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (recognizing, in TCPA class case, that "bifurcating discovery into two phases will promote the efficient resolution of this matter" and granting motion to bifurcate, with an initial phase focused on whether the subject communications were actionable, reasoning that resolution of that "narrow, potentially dispositive issue" could obviate the need for costly class discovery); *Anda, Inc.*, 2012 WL 7856269, at *2 (ordering in TCPA case: "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved.").

    These courts (and many others) have astutely recognized that there are often narrow case-dispositive issues in TCPA cases that are unique to the named plaintiff—*e.g.,* if the plaintiff consented, has standing, or even has an actionable TCPA claim—that can be efficiently and quickly resolved through focused bifurcated discovery, and for which burdensome class discovery is not necessary to resolve. *See e.g., Katz,* 2019 WL 957129, at *2 ("[C]lass discovery is not necessary to

6

address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether named [p]laintiffs' are within the classes they purport to represent, and whether any named [p]laintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim."); *Akselrod,* 2021 WL 100666, at *2 (bifurcating discovery in TCPA class action after determining that there were narrow issues of liability unique to the named plaintiff distinct from class certification issues); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (ruling similarly). As one such court aptly noted, "any prejudice to Plaintiff [because of bifurcation] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that Kin will face here. *Newell,* 2020 WL 13568762, at *3. Applying these well-settled principles shows that bifurcated discovery is particularly appropriate in this case.

### B.  Bifurcation Is Warranted Here Because It Will Drive A Just, Speedy, Inexpensive, and Efficient Resolution of This Entire Case.

If targeted bifurcated discovery shows that Plaintiff did not receive a "prerecorded" message and/or Plaintiff or someone on her behalf provided consent to be contacted by Kin, that would dispose of this whole case quickly, efficiently, and still at an early stage without the need for additional expense or burden on the parties or Court. This alone justifies bifurcating discovery here. *See* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to **secure the just, speedy, and inexpensive** determination of every action and proceeding.") (emphasis added).

Accordingly, while Kin acknowledges bifurcation may not be "universally appropriate" in all cases (*Am.'s Health,* 2018 WL 3474444, at *6), this is not a routine "merits" versus "class" bifurcation request, especially as the threshold issue of Plaintiff's Article III standing under the

7

TCPA is in doubt here (among other things);[2] and Kin respectfully submits that the parties and Court would *greatly* benefit from bifurcated discovery given the circumstances in this particular case. As discussed above, someone provided Plaintiff's phone number on multiple occasions to receive communications from Kin during a time in which Plaintiff contends she owned the number. "Because consent is a dispositive issue…limited discovery on how [Defendant] acquired Plaintiff's contact information and whether that acquisition constitutes consent under the TCPA 'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'" *Pavelka*, 2023 WL 3728199, at *3.

Perhaps more importantly, this evidence is specific to Plaintiff and will not result in duplicative class discovery. As one court held in a TCPA case, "bifurcating discovery into two phases"—*i.e.,* limited discovery into the "prerecorded" message and consent issues, followed by class discovery if Plaintiff's individual claim manages to survive summary judgment—"will promote the efficient resolution of this matter" and "will cause no significant prejudice to Plaintiff" or duplicative effort here. *Newell,* 2020 WL 13568762, at *3. *See also Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Rule 1). The same is true here.

In stark contrast, broad discovery (especially class discovery) is not relevant or "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [her] ability to bring the asserted class claims" in this case—including whether Plaintiff provided consent in this

---

[2] *See also Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) (bifurcating discovery and holding that "[t]he fact that class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate…").

case. *Osidi,* 2022 WL 623733, at *2. And it would certainly be far less efficient to conduct such broad discovery here, when the narrow bifurcated discovery Kin proposes would lead to a quicker end to this case. *See, e.g., Harris, supra*; *Newell*, 2020 WL 13568762, at *3 (noting that focusing the parties' initial discovery efforts on the merits of plaintiff's TCPA individual claim "'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource, Inc.,* 2014 WL 413534, at *4); *Akselrod*, 2021 WL 100666, at *2 (finding that focusing the initial phase discovery on the merits of plaintiff's individual TCPA claim would be more efficient). This Court should reach the same conclusion.

C. **Additional "Good Cause" Exists for Bifurcating Discovery.**

Good cause also exists to bifurcate discovery and deferring broader discovery in this case simply because this is not a run-of-the-mill litigation but instead is a putative nationwide class action. As one court commented in a putative TCPA case "***[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens***." *Babare v. Sigue Corp.,* 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (emphasis added). *See also Akselrod,* 2021 WL 100666, at *2 (noting in a TCPA case that class discovery "can be particularly resource intensive"); *Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir. 2010) (noting that class action plaintiffs can sometimes "us[e] discovery to impose asymmetric costs on Defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit").

As applied here, Plaintiff seeks to represent countless numbers of putative class members ***nationwide*** (*see* Dkt. 10, ¶ 37), which would undoubtedly increase the scope of discovery and thus lead to potentially unnecessary costs and wasted party resources. But forcing Kin to respond to Plaintiff's broad class discovery (which would be national in scope) now would be inherently and

9

highly prejudicial to Kin when that discovery could all be rendered moot if individual discovery ends the case, as Kin believes is likely, considering Kin obtained multiple opt-ins involving Plaintiff's phone number at issue in this case *See* Dkt. 10 at 12. This can be determined efficiently by focusing the initial discovery phase on Plaintiff.

Meanwhile, Plaintiff will suffer no prejudice if the Court bifurcates discovery in this case, nor can Plaintiff credibly argue otherwise. *See, e.g., Newell*, 2020 WL 13568762, at *3 ("While Plaintiff raises concern over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive. As parties to this lawsuit, both [defendants] are on notice to preserve evidence pertaining to this matter."); *Canady v. Bridgecrest Acceptance Corp.,* 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."). In short, any risk of any lost evidence in this case would purely hypothetical at best, and is of no moment.

Finally, Plaintiff and her counsel should be <u>equally</u> interested (if not more so) in determining whether they can demonstrate Plaintiff received "prerecorded" messages made without her consent, or if their inability to do so will be a complete bar to her claims, <u>early</u> on before embarking on expensive and time-consuming class discovery, as well. The discovery necessary to resolve these issues is likely within Plaintiff's possession, custody or control, and/or is accessible to and obtainable by Plaintiff (*e.g.,* Plaintiff's phone records, which can be easily obtained from her phone carrier via Rule 45 subpoena); and these issues do not require any discovery from Kin or class discovery to resolve. Thus, any attempt by Plaintiff to argue "prejudice" from bifurcated discovery under these circumstances is far outweighed by the extreme prejudice Kin would suffer by conducting potentially

wasteful and burdensome class discovery, and should ring hollow.

### D. Kin Proposes a Ninety-Day Bifurcated Discovery Period on the Merits of Plaintiff's Individual Claim, Followed by Summary Judgment Briefing.

To these ends, Kin proposes a short "Phase 1" discovery period focused on the merits of Plaintiff's individual TCPA claims against Kin, followed by summary judgment briefing. On this front, Kin envisions that discovery during this initial period would be targeted primarily at determining the narrow case dispositive issues of: (i) whether Plaintiff received a "prerecorded" voicemail message within the meaning of the TCPA; and (ii) whether Plaintiff or someone on her behalf provided consent to receive calls from Kin on her cell phone. Much, if not most, of this information should be already in the possession, custody or control of Plaintiff herself or her phone carrier's possession, and it should be quick and cost-effective for Plaintiff to obtain and produce it in discovery. Moreover, if this targeted discovery shows Plaintiff did not receive a "prerecorded" voice message, provided consent to be contacted by Kin or otherwise lacks standing, then summary judgment briefing and the Court's ruling on these issues would likely be simple and swift, too. And in any event, Plaintiff could (and indeed should) simply just voluntarily dismiss her claim well before then, as she would have no factual basis for continuing to litigate this case, let alone to oppose Kin's summary judgment motion. Either way, it is readily apparent that bifurcated discovery would be more efficient given the circumstances here, and may bring a prompt end to this case.[3]

Thus, as is reflected in the proposed order submitted concurrently with this Motion, Kin proposes Phase 1 discovery on the merits of Plaintiff's individual TCPA claim against Kin, to occur for a short period of 90 days, after which the Parties would submit, and the Court would rule on, motions for summary judgment on the foregoing narrow case-dispositive issues. Should Plaintiff's

---

[3] For example, the *Osidi* case discussed above was voluntarily dismissed two months after the court bifurcated discovery. *See* Case No. 1:21-cv-11320-ADB (D. Mass May 4, 2022), Dkt. 32. In short, summary judgment briefing may not even be needed.

11

individual claim survive summary judgment at all, then class discovery Could occur in Phase 2. Courts have entered similar bifurcated discovery schedules in appropriate TCPA cases for efficiency purposes. *See, e.g., Pavelka,* 2023 WL 3728199, at *3. *See also Leschinsky*, 2015 WL 6150888, at *1 (granting bifurcated discovery for 90 days in a TCPA case to determine whether the named plaintiff had an actionable TCPA claim); *Akselrod,* 2021 WL 100666, at *2 (bifurcating discovery, allowing roughly 90 days for the first phase devoted to the merits of plaintiff's individual TCPA claims and the second phase to class discovery); *Katz,* 2019 WL 957129, at *2 (same); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July 30, 2020) (same). This Court should too, in this instance.

Lastly, while these courts (and others) have often temporarily stayed all discovery until after initial summary judgment briefing on individual claims is completed for the sake of judicial and party economy, and while Kin respectfully submits that would be appropriate here for the same reasons, Kin also believes that having an initial bifurcated discovery period focused on Plaintiff's claims is still far more efficient and would not be prejudicial to Plaintiff, even if the Court decides discovery should proceed after the initial bifurcated period. Thus, if the Court wishes that discovery resumes at the end the initial bifurcated discovery period here, Kin proposes in the alternative that the Court amend the Scheduling Order such that individual discovery precedes class discovery for 90 to 120 days (no class discovery would be allowed during this period) and to allow the parties to submit summary judgment motions on individual issues at the end of this period, and then reset all other deadlines to follow thereafter, as the Court deems appropriate, accordingly.

## CONCLUSION

For these reasons, the Court should bifurcate discovery in accordance with the proposed order submitted concurrently, or enter a substantially similar bifurcated discovery order.

Dated: July 17, 2025                          Respectfully submitted,

                                                             By: /s/ A. Paul Heeringa

                                                                    A. Paul Heeringa (IL ARDC #6288233)
                                                                    **MANATT, PHELPS & PHILLIPS, LLP**
                                                                    151 N. Franklin St., Suite 2600
                                                                    Chicago, Illinois 60606
                                                                    Telephone: (312) 529-6300
                                                                    Email: pheeringa@manatt.com

                                                                    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that, on July 17, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*

A. Paul Heeringa
