IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KIN INSURANCE, INC.<br><br>    Defendant. | Case No. 1:25-cv-00213 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER TO BIFURCATE DISCOVERY**

For the second time Defendant, Kin Insurance, Inc., proposes a discovery schedule that will prejudice Plaintiff. On July 5, 2025, Defendant proposed in a joint status report that discovery be bifurcated into two phases: individual and class discovery. The Court denied this request because "Defendant's reference to 'narrow case-dispositive issues unique to Plaintiff in this case' . . . is unsupported with any case-specific information, and the examples provided are generally applicable to all plaintiffs in this type of TCPA case." ECF No. 26. Defendant has now filed a 13-page motion arguing for bifurcation yet offers no "case specific" reasons for bifurcation and only examples that are "generally applicable to all plaintiffs in this type of TCPA case." This reason standing alone is enough to deny Kin's motion. Here, however, the specific facts of this case also cut against bifurcation for two reasons. First, bifurcation will prejudice Taylor by preventing her from obtaining evidence needed to pursue her claims (and Kin does not have any evidence that Ms. Taylor herself provided consent). Second, bifurcating discovery will not speed up the resolution of this case, even assuming for the sake of argument that Kin has a good chance of obtaining summary judgment on Taylor's individual claims (it does not).

1

For these reasons, Kin's motion should be denied in its entirety.

**ARGUMENT**

1. **Kin has failed to explain why this particular case should be bifurcated.**

Kin asks the Court to pause class discovery on the ground that "narrow, potentially dispositive issues" unique to Sara Taylor can be resolved in a short first phase — yet its own filing shows none. In thirteen pages Kin recycles the same generic themes it advanced (and the Court rejected) in the joint status report: whether Taylor received a prerecorded voicemail and whether she consented to contact. Kin's motion does not attach a single call log, lead form, or witness declaration tying those themes to Taylor's number. Instead, Kin cites other TCPA opinions where defendants produced concrete evidence of a one-off defense; Kin offers only speculation that "discovery will show" consent or the absence of a prerecorded voice and the existence of consent. ECF 29 pp. 3–4. That speculation cannot satisfy Rule 26(c). The movant must identify "good cause" grounded in facts, not "hoped-for" proof.

2. **Bifurcation would be inefficient and inconvenient.**

District courts have broad discretion to control discovery. *Crawford—El v. Britton*, 523 U.S. 574, 598-99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). This discretion extends to a district court's decision to bifurcate discovery. *Denney v. Amphenol Corp.,* No. 1:19-cv-04757-JRS-DLP, 2020 U.S. Dist. LEXIS 162911, at *3 (S.D. Ind. Sep. 4, 2020). However, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits"

discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the merits of Plaintiff's individual claims. Then, defendant files a dispositive motion limited to the merits of Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification issues. And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. See ibid (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.")

Apart from the duplication of discovery outlined above, Kin's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff' individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class

3

determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'")

      For instance, are Kin's email communications with the vendor that sold them the Plaintiff's data or Kin's communications and process for complying with the TCPA in general class discovery or merits discovery? Are records of all other submissions to the website Kin presumably intends to assert led to the purported consent for the calls class discovery or merits discovery? Likewise, are the web server logs showing the various sources of traffic to its website merits discovery or class discovery? Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.,* 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004); (*citing In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that 'bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery'). The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. As another Court held while denying a similar request for bifurcation of discovery:

4

> In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. Accord DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

*Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL, 2016 U.S. Dist. LEXIS 6778, at *6-7 (E.D.N.Y. Jan. 12, 2016). This Court should again deny Kin's request as Judge Bucklo recently did in a TCPA case last year. *See Zielonksi v. eHealth Insurance Services, Inc.,* Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

The Court should hold the same here.

### 3. Bifurcation would prejudice Plaintiff.

Kin's motion glosses over the basic evidentiary burden at summary judgment. Taylor will have to show that there is a dispute of material concerning whether she placed her own number in Kin's lead pipeline or authorized anyone else to do it. Kin alone controls the documents that can

5

confirm—or refute—those facts: the full set of lead forms, IP logs, and vendor intake data for every number that received the same prerecorded message. If those records reveal a pattern of wrong-number leads—other consumers whose numbers appeared without permission—that "pattern" evidence would bolster Taylor's claim by undercutting Kin's consent defense in the same way "me-too" evidence supports discrimination plaintiffs. By walling off class discovery, Kin would keep Taylor from obtaining comparative proof that Rule 56 permits her to marshal. *See* ECF No. 26 pp 3–4, 10 ("Mot.") (arguing without record support that discovery will show multiple opt-ins); *id.* at 4 (noting alleged repeat use of the same lead data). Because some of the evidence critical to consent is the same evidence that shows whether other class members consented, splitting discovery would prejudice Taylor instead of streamlining this case. Notably Kin does not present any evidence that it had Ms. Taylor's name or other information associated with the lead. This rank speculation does not support stopping the progress of discovery. Further, Defendant's request to limit discovery initially to its preferred issues is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, *9 (D. N.J. August 22, 2019) (denying virtually identical request to bifurcate in a TCPA case). "The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery." *Id.*

There is a real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the maintenance of the websites at issue or Kin's calls. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3rd Cir. 2008) ("Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"); *Hartley-Culp* 2014 U.S. Dist. LEXIS 130308 at *9 (denying similar request

in another TCPA case after "find[ing] prejudice to Plaintiff if discovery was bifurcated" in the same manner requested here); *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, *2 (D. Colo. 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."); *Saleh v. Crunch, LLC*, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).

Any potential bifurcation will also necessarily delay class discovery and Plaintiff's motion for class certification prejudicing Plaintiff and the proposed class members. *See* Fed. R. Civ. P. 1, 23(c)(1)(A). Delays in class discovery compound the already-substantial difficulty of gathering information necessary to identify class members and establish their claims. *See Young v. Peraza*, No. 1560968-CIV, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time."); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"). Additionally, any delay creates the risk that the evidence Plaintiff needs to prevail on his claim will be destroyed, lost, corrupted, or forgotten. *Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490, at *12 (N.D. Cal. Jan. 8, 2016) (Plaintiff in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"); *accord Izor v. Abacus Data Sys.*, 2019 U.S. Dist. LEXIS 130865, at *10 (N.D. Cal. Aug. 5,

2019); *see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

## CONCLUSION

For the foregoing reasons, Defendant's Motion Should be Denied.

| Dated: July 30, 2025 | Respectfully Submitted: |
|---|---|
|  | */s/ Anthony I. Paronich*<br>Anthony I. Paronich,<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone: (508) 221-1510<br>Email: anthony@paronichlaw.com<br><br>Attorney for Plaintiff |