# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>KIN INSURANCE, INC.,<br><br><br>          Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Kin Insurance, Inc. ("Defendant" or "Kin") hereby serves its first set of interrogatories (hereafter "Interrogatories") to Plaintiff Sara Taylor ("Plaintiff") in the above-captioned matter. Defendant requests that Plaintiff provide answers to the numbered Interrogatories below, in writing and under oath, within thirty (30) days of service hereof.

**DEFINITIONS**

As used below, the following terms should be understood as having the following definitions:

1.      "You," "Your," and "Plaintiff" refer to the named plaintiff Sara Taylor in the above-captioned Action.

2.      "Defendant" or "Kin" refer to Kin Insurance, Inc., and any and all of its departments, divisions, subdivisions, parents, subsidiaries, employees, directors, and officers.

3.      The "Subject Phone Number" shall refer to and mean Plaintiff's telephone number(s) identified in the Complaint that You contend was/were called by or on behalf of Defendant, including but not limited to              .

4.      "Complaint" refers to Plaintiff's current operative class action complaint filed in the

Action and any amendments thereto (*see* Dkt. 10).

5.  "Action" refers to the above-captioned litigation between Plaintiff and Defendant.

6.  "Person" means any natural Person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

7.  "Household" refers to any residential property address where You live or reside permanently or temporarily, regardless of whether You own it, and should include multiple addresses (*e.g.*, primary and vacation homes). When referring to Persons in Your Household, this includes Persons located, living or residing in Your Household (*e.g.*, the same residential address), regardless of whether they permanently reside there.

8.  "Call" refers to any form of telephone communication, including text messages.

9.  "TCPA" refers to the "Telephone Consumer Protection Act" and all related statutory provisions and regulations, and any interpretive decisions relating to the TCPA.

10. "VoIP" means "Voice Over Internet Protocol."

11. "Document" or "Documents" means all materials within the scope of Federal Rule of Civil Procedure 34, including, but not limited to, all writings and recordings (including all originals and all non-identical copies and electronically stored Documents) as defined in the Federal Rules of Evidence.

12. "Evidencing," "Relating to," "referring to," or "related to" means reflecting, concerning, pertaining to, mentioning, discussing, summarizing, describing, regarding, containing, referring to, depicting, connected with, embodying, evidencing, proving, constituting, reporting, or in any way connected to the matter discussed in the Interrogatory where used, whether directly or indirectly.

13. When referring to a Person or entity, "Identify" as used in the Interrogatories means

to give, to the extent known, the Person's full name (or entity name, if not a natural Person), present or last known address, telephone number, and when referring to a natural Person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

14.    When referring to Documents, "Identify" as used in the Interrogatories means to give, to the extent known, the (i) type of Document (such as "contract," or "letter"); (ii) general subject matter; (iii) date of the Document; (iv) parties and signatories, if an agreement; (v) author(s); and (vi) addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

15.    When asked to "state the factual basis" supporting a "contention," this requests that You provide as much factual detail and information as possible as to why You contend, assert, argue, or allege a particular fact or issue, and to provide all factual information in support thereof that is in Your possession, custody or control.

16.    Unless otherwise specifically defined, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

17.    "And" as well as "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Interrogatories any information that might otherwise be construed to be outside their scope.

18.    Any word written in the singular shall be construed as the plural when necessary to bring within the scope of the Interrogatories all responses which might otherwise be construed to be outside their scope.

19.    Verb tenses shall be interpreted to include past, present, and future tenses.

## INSTRUCTIONS

1.      Pursuant to the Federal Rules of Civil Procedure, You are required to supplement Your responses to these Interrogatories to include information acquired after service of Your responses thereto.

2.      These Interrogatories do not seek privileged communications with Your attorneys or other privileged information.

3.      You are specifically directed to search any and all of Your computers, telephones, smart devices (including, but not limited to, mobile phones), email accounts (*e.g.*, Gmail or Yahoo), cloud space (*e.g.*, OneDrive, Google Drive, Dropbox) and any social media (*e.g.*, Facebook, Instagram, or Twitter) for any information responsive to the Interrogatories below, as well as the devices and accounts of any Persons whom You have the right and ability to request information from on demand.

4.      If You chose to produce Documents in response to the Interrogatories, all Documents that exist solely in hard copy form shall be produced in PDF form, with each page bearing a Bates Number. If the hard copy Document is in color, it should be produced in color. All Documents existing in electronic format—for example, stand-alone databases, spreadsheets (*e.g.*, Excel), PowerPoint presentations, video files, and audio files—should be produced in native format.

5.      If any information responsive to any Interrogatory is withheld under a claim of privilege or other exemption from discovery, state the title and nature of the information, communication or Document, provide facts sufficiently specific to permit the Court to determine whether the claim of privilege or other exemption is valid, including each and every fact upon which the privilege or exemption is claimed.

6.      To the extent You consider any portion of the following Interrogatories to be objectionable, (a) identify the portion of the Interrogatory claimed to be objectionable, (b) state the

4

nature and basis of the objection, and (c) provide information responsive to any portion of such Interrogatory that is not claimed to be objectionable.

7.      If there are no Documents or information responsive to a specific Interrogatory, You must provide a response so stating.

8.      Your responses to the Interrogatories shall set forth the answers to each Interrogatory separately and fully in writing under oath. If You refuse to answer any part of an Interrogatory, You shall state fully the grounds for doing so. No part of any discovery request shall be left unanswered merely because an objection has been made to another part of the discovery request.

9.      In answering the Interrogatories, You are to answer with reference to all information that is in Your actual or constructive possession, custody or control or reasonably available to You, including, but not limited to, all responsive information in the possession, custody or control of Your agents, attorneys, or representatives.

**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

1.      Describe in detail every Call that You claim to have received on any number and that You contend was placed by or behalf of Defendant at any time, including but not limited to providing (for each Call identified) the date, time, phone numbers involved (*i.e.*, for the caller and recipient), the names of all persons involved, the duration, and the substance or content of the Call (*i.e.*, what specifically was discussed).

**ANSWER**:

2.      For every Call identified in response to Interrogatory No. 1 above, identify specifically who (*i.e.*, which person or entity) You contend physically placed each Call (*i.e.*, who literally placed the Call directly to You).

**ANSWER:**

3.      Identify any and all phone calls that were received on or made from the Subject Phone Number on or between August 1, 2024 to December 31, 2024, to the extent not identified in response to the preceding Interrogatories.

**ANSWER:**

4.      For every Call identified in response to any of the preceding Interrogatories, identify all Documents relating to, reflecting, or evidencing each Call of which You are aware or that are in Your possession, custody, or control.

**ANSWER:**

5.      Identify all Persons with knowledge of any of the factual allegations in the Complaint, including each Person's first and last name, last known mailing address, email address, phone number, and the nature and extent of their knowledge and information.

**ANSWER:**

6

6.     Identify all websites or URLs visited by You, Your spouse, or someone living in Your Household on any internet-accessible computing device (*e.g*., smartphone, tablet, laptop, or PC), regardless of location on where visited or accessed or the subject matter, on or between August 1, 2024 to December 31, 2024.

**ANSWER:**

7.     Identify all internet providers for any internet-accessible devices in Your Household on or between August 1, 2024 to December 31, 2024.

**ANSWER:**

8.     Identify all Persons living or present in Your Household on or between August 1, 2024 to December 31, 2024.

**ANSWER:**

9.     Identify all Your employers (*i.e*., what entity or person that You were employed by or received any income from) on or between August 1, 2024 to December 31, 2024, including the full name and physical mailing address for each.

**ANSWER:**

10.     Identify all internet-accessible computing or other electronic devices (*e.g*., laptops, PCs, smart phones, tablets) located in Your Household, or at Your place of employment, or to which You otherwise had access or used on or between August 1, 2024 to December 31, 2024, including the brand, model, IP address, serial number, or any other identifying information.

**ANSWER:**

11.     Describe in detail each and every instance in which You, someone in Your Household, or someone acting on Your behalf provided any telephone number owned, subscribed to, or regularly used by You (including but not limited to the Subject Phone Number) for any reason

to any Person or entity that sells, promotes, advertises, or markets insurance policies goods, products, or services of any kind on or between August 1, 2024 to December 31, 2024.

**ANSWER:**

12.     Identify all Documents You referenced, relied upon, referred to, or cited in Your Complaint or to prepare Your Complaint.

**ANSWER:**

13.     Identify every telephone number (including but not limited to any landline, cellular, facsimile, or VoIP numbers) owned or used by You (regardless of alleged use, including work numbers) or for which You are/were the regular user, subscriber or account holder, from August 1, 2024 to the present, other than the Subject Phone Number.

**ANSWER:**

14.     For every phone number identified in response to the previous Interrogatory above, identify the telephone service provider or carrier for each number.

**ANSWER:**

15.     Describe Your physical location for the entire day on August 23, 2024, August 27, 2024, or October 23, 2024.

**ANSWER:**

16.     Identify all Persons in Your family or any of Your friends or personal acquaintances that have ever resided or worked in Cedartown, Georgia from August 1, 2024 to the present, including each Person's full name, last known mailing address, email address, and phone number.

**ANSWER:**

17.     Describe Your relationship (or the relationship of any member of your family or any persons in Your Household) with or connections to any person named "Missie Gossett."

**ANSWER:**

18.     Describe any known connections or associations between any person named "Missie Gossett" and the Subject Phone Number, including but not limited to whether Missie Gossett has ever been the subscriber or user of the Subject Phone Number, whether You or any member of your family or any persons in Your Household obtained the Subject Phone Number from Missie Gossett, and/or whether Missie Gossett ever used the Subject Phone Number to submit an online inquiry for any reasons and the circumstances thereof.

**ANSWER:**

19.     Identify all Documents in Your possession, custody or control or of which You are aware evidencing, relating to, or reflecting any of the factual assertions made in response to any of the preceding Interrogatories.

**ANSWER:**

20.     Identify all prior TCPA (or state equivalent) litigation matters in which You were a named party, including the date filed, the date closed, the case caption information (e.g., the court, case number, parties, etc.) and the disposition (e.g., voluntarily dismissed without settlement, settled, dismissed by the court).

**ANSWER:**

Dated: June 27, 2025                                 Respectfully submitted,

By: /s/ *A. Paul Heeringa*

A. Paul Heeringa (IL Bar # 6288233)
Madelaine Newcomb (IL Bar #6322725)
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
        mnewcomb@manatt.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2025, a copy of the foregoing was served by email on counsel for Plaintiff, at the email address(es) provided on the Court's CM/ECF docket.

*/s/ A. Paul Heeringa*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-00213 |
| KIN INSURANCE, INC., | Judge: Hon. April M. Perry |
| Defendant. | |

**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 26 and 36, Defendant Kin Insurance, Inc. ("Defendant" or "Kin") hereby serves its first set of requests for admission Plaintiff Sara Taylor ("Plaintiff") in the above-captioned matter. Defendant requests that Plaintiff provide answers to the numbered requests for admission ("RFAs") below, in writing, within thirty (30) days of service hereof.

**DEFINITIONS**

As used below, the following terms should be understood as having the following definitions:

1. "You," "Your," and "Plaintiff" refer to the named plaintiff Sara Taylor in the above-captioned Action.

2. "Defendant" or "Kin" refer to Kin Insurance, Inc. and any and all of its departments, divisions, subdivisions, parents, subsidiaries, employees, directors, and officers.

3. The "Subject Phone Number" shall refer to and mean Plaintiff's telephone number(s) identified in the Complaint that You contend was/were called by or on behalf of Defendant, including but not limited to                    .

4.     "Complaint" refers to Plaintiff's current operative class action complaint filed in the Action and any amendments thereto (*see* Dkt. 10).

5.     "Action" refers to the above-captioned litigation between Plaintiff and Defendant.

6.      "Person" means any natural Person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

7.     "Household" refers to any residential property address where You live or reside permanently or temporarily, regardless of whether You own it, and should include multiple addresses (*e.g.*, primary and vacation homes).  When referring to Persons in Your Household, this includes Persons located, living or residing in Your Household (*e.g.*, the same residential address), regardless of whether they permanently reside there.

8.     "TCPA" refers to the "Telephone Consumer Protection Act" and all related statutory provisions and regulations, and any interpretive decisions relating to the TCPA.

9.     "VoIP" means "Voice Over Internet Protocol."

10.    "Call" refers to any form of telephone communication, including text messages.

11.    "Document" or "Documents" means all materials within the scope of Federal Rule of Civil Procedure 34, including, but not limited to, all writings and recordings (including all originals and all non-identical copies and electronically stored Documents) as defined in the Federal Rules of Evidence.

12.    "Evidencing," "Relating to," "referring to," or "related to" means reflecting, concerning, pertaining to, mentioning, discussing, summarizing, describing, regarding, containing, referring to, depicting, connected with, embodying, evidencing, proving, constituting, reporting, or in any way connected to the matter discussed in RFA where used, whether directly or indirectly.

13.    Unless otherwise specifically defined, all words and terms used herein shall be

2

construed and interpreted according to ordinary custom, usage, and meaning.

14. "And" as well as "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the RFAs any information that might otherwise be construed to be outside their scope. Any word written in the singular shall be construed as the plural when necessary to bring within the scope of the RFAs any information which might otherwise be construed to be outside their scope.

15. Verb tenses shall be interpreted to include past, present, and future tenses.

## INSTRUCTIONS

1. Pursuant to the Federal Rules of Civil Procedure, You are required to supplement Your responses to these RFAs to include information acquired after service of Your responses thereto.

2. These RFAs do not seek privileged communications with Your attorneys or other privileged information.

3. You are specifically directed to search any and all of Your computers, telephones, smart devices (including, but not limited to, mobile phones), email accounts (*e.g.*, Gmail or Yahoo), cloud space (*e.g.*, OneDrive, Google Drive, Dropbox) and any social media (*e.g.*, Facebook or Twitter) for any Documents or other information responsive to the RFAs below, as well as the devices and accounts of any Persons whom You have the right and ability to request information from on demand.

4. The RFAs require You to admit or deny certain facts in accordance with Fed. R. Civ. P. 36(a)(4), which states: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering

3

party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

     5.      If any information responsive to any RFA is withheld under a claim of privilege or other exemption from discovery, state the title and nature of the information, communication or Document, provide facts sufficiently specific to permit the Court to determine whether the claim of privilege or other exemption is valid, including each and every fact upon which the privilege or exemption is claimed.

     6.      To the extent You consider any portion of the following RFAs to be objectionable, (a) identify the portion of the RFA claimed to be objectionable, (b) state the nature and basis of the objection, and (c) provide Documents or information responsive to any portion of such RFA that is not claimed to be objectionable.

     7.      In answering the RFAs, You are to answer with reference to all information that is in Your actual or constructive possession, custody or control or reasonably available to You, including, but not limited to, all responsive information in the possession, custody or control of Your agents, attorneys, or representatives.

## REQUESTS FOR ADMISSION TO PLAINTIFF

1.      Admit that You are <u>not</u> alleging use of an "automatic telephone dialing system," as defined by the TCPA, by Kin in this Action.

**ANSWER:**

2.      Admit that You are <u>not</u> asserting a claim against Kin under Section 227(c) of the TCPA in this Action (47 U.S.C. § 227(c), *et seq.*).

**ANSWER:**

3.      Admit that You are <u>not</u> asserting a claim against Kin under the TCPA's "internal Do Not Call" regulations (*i.e.*, 47 C.F.R. § 64.1200(d)) in this Action.

**ANSWER:**

4.      Admit that the only Calls at issue (*i.e.*, the only Calls that You claim to have received from or on behalf of Kin in violation the TCPA) in this Action are alleged in the Complaint.

**ANSWER:**

5.      Admit that You were not the subscriber or account holder for the Subject Phone Number on August 23, 2024.

**ANSWER:**

6.      Admit that You were not the subscriber or account holder for the Subject Phone Number on August 27, 2024.

**ANSWER:**

7.      Admit that You were not the subscriber or account holder for the Subject Phone Number on October 23, 2024.

**ANSWER:**

8.    Admit that IP address                    is Your IP address.

**ANSWER:**

9.    Admit that IP address                    was Your IP address.

**ANSWER:**

10.    Admit that IP address                      is an IP address for a device in Your Household.

**ANSWER:**

11.    Admit that IP address                      was an IP address for a device in Your Household.

**ANSWER:**

12.    Admit that You have previously submitted the Subject Phone Number online to obtain information about insurance.

**ANSWER:**

13.    Admit that someone in Your Household has previously submitted the Subject Phone Number online to obtain information about insurance.

**ANSWER:**

14.    Admit that the Subject Phone Number was submitted to Kin via an online inquiry for insurance in connection with this Action.

**ANSWER:**

15.    Admit that You submitted the Subject Phone Number to Kin via an online inquiry for insurance.

**ANSWER:**

16.    Admit that someone in Your Household submitted the Subject Phone Number to

Kin via an online inquiry for insurance.

**ANSWER:**

17.     Admit that someone else (not You or Kin) submitted the Subject Phone Number to Kin via an online inquiry for insurance.

**ANSWER:**

18.     Admit that someone in Your Household was searching for information regarding insurance online in August of 2024.

**ANSWER:**

19.     Admit that someone in Your Household was searching for information regarding insurance online in October of 2024.

**ANSWER:**

20.     Admit that You were searching for information regarding insurance online in August of 2024.

**ANSWER:**

21.     Admit that You were searching for information regarding insurance online in October of 2024.

**ANSWER:**

22.     Admit that You consented to receiving marketing Calls from or on behalf of Kin.

**ANSWER:**

23.     Admit that someone else (not You or Kin) provided the Subject Phone Number for the purpose of receiving marketing Calls from or on behalf of Kin.

**ANSWER:**

24.     Admit that You know a person named "Missie Gossett."

**ANSWER:**

25.     Admit that You have met Missie Gossett.

**ANSWER:**

26.     Admit that someone in Your Household knows Missie Gossett.

**ANSWER:**

27.     Admit that Missie Gossett is a real person.

**ANSWER:**

28.     Admit that Missie Gossett submitted the Subject Phone Number via an online inquiry for insurance.

**ANSWER:**

29.     Admit that Missie Gossett used to be the subscriber, user, or account holder of the Subject Phone Number.

**ANSWER:**

30.     Admit that IP address                    is Missie Gossett's IP address.

**ANSWER:**

31.     Admit that Missie Gossett was the owner, user, or subscriber for the Subject Phone Number prior to You obtaining it or becoming the owner, subscriber or user.

**ANSWER:**

32.     Admit that Missie Gossett submitted the Subject Phone Number to Kin in connection with this Action.

**ANSWER:**

33.     Admit that Missie Gossett submitted the Subject Phone Number online in connection with this Action.

**ANSWER:**

34.     Admit that You received Calls from or on behalf of Kin because Missie Gossett submitted the Subject Phone Number online.

**ANSWER:**

35.     Admit that You authorized or requested that Missie Gossett submit the Subject Phone Number online.

**ANSWER:**

36.     Admit that someone in Your Household authorized or requested that Missie Gossett submit the Subject Phone Number online.

**ANSWER:**

37.     Admit that You authorized or requested that Missie Gossett submit the Subject Phone Number to Kin.

**ANSWER:**

38.     Admit that someone in Your Household authorized or requested that Missie Gossett submit the Subject Phone Number to Kin.

**ANSWER:**

39.     Admit that You knew that Missie Gossett was submitting (or was going to submit) the Subject Phone Number to Kin before she did so.

**ANSWER:**

40.     Admit that You knew that Missie Gossett was submitting (or was going to submit) the Subject Phone Number online before she did so.

**ANSWER:**

41.     Admit that You were aware that someone named Missie Gossett had been

submitting the Subject Phone Number online, on various websites, prior to bring this Action.

**ANSWER:**

42.     Admit that You or someone acting on Your behalf obtained the Subject Phone Number from Missie Gossett.

**ANSWER:**

43.     Admit that You have contacted Missie Gossett.

**ANSWER:**

44.     Admit that You have spoken with Missie Gossett.

**ANSWER:**

45.     Admit that someone in Your Household has contacted Missie Gossett.

**ANSWER:**

46.     Admit that someone in Your Household has spoken with Missie Gossett.

**ANSWER:**

47.     Admit that Missie Gossett is the reason why You received any Calls from or on behalf of Kin (i.e., You were called in response to an online inquiry made by Missie Gossett).

**ANSWER:**

48.     Admit that you knew that Missie Gossett was the reason why You received any Calls from or on behalf of Kin (i.e., You were called in response to an online inquiry made by Missie Gossett) before you filed this lawsuit.

**ANSWER:**

49.     Admit that You consented to receiving Calls about insurance in August of 2024.

**ANSWER:**

50.     Admit that You consented to receiving Calls about insurance in October of 2024.

**ANSWER:**

51.     Admit that someone in Your Household consented to receiving marketing Calls from or on behalf of Kin.

**ANSWER:**

52.     Admit that someone in Your Household consented to receiving Calls about insurance in August of 2024.

**ANSWER:**

53.     Admit that someone in Your Household consented to receiving Calls about insurance in October of 2024.

**ANSWER:**

54.     Admit that You were in Cedartown, Georgia on August 23, 2024.

**ANSWER:**

55.     Admit that someone in Your Household was in Cedartown, Georgia on August 23, 2024.

**ANSWER:**

56.     Admit that You were in Cedartown, Georgia on October 23, 2024.

**ANSWER:**

57.     Admit that someone in Your Household was in Cedartown, Georgia on October 23, 2024.

**ANSWER:**

58.     Admit that You never made a request to have the Subject Phone Number placed on Kin's internal "Do Not Call" list.

**ANSWER:**

11

59. Admit that You have not been injured by Kin.

**ANSWER:**

60. Admit that Kin did not violate the TCPA in connection with this Action.

**ANSWER:**

61. Admit that You have not received any Calls from or on behalf of Kin since You commenced this Action.

**ANSWER:**

62. Admit that You have not reviewed any written offers from Kin to resolve your claim.

**ANSWER:**

63. Admit that You have not been shown any written offer by Kin to resolve your claim in this Action on an individual basis.

**ANSWER:**

64. Admit that You have received settlements from prior TCPA lawsuits.

**ANSWER:**

65. Admit that You have no Documents or other materials in Your possession, custody or control evidencing that Kin owns (*i.e.*, that Kin is the subscriber) the phone numbers used to call the Subject Phone Number, as identified of the Complaint.

**ANSWER:**

66. Admit that You have no Documents or other materials in Your possession, custody or control supporting the factual allegations in paragraphs 12 through 36 of the Complaint.

**ANSWER:**

67. Admit that You have no Documents or other materials in Your possession, custody

or control evidencing that any of the phone Calls alleged in the Complaint were physically placed by Kin itself (as opposed to a third party).

**ANSWER:**

68.    Admit that You have no Documents or other materials in Your possession, custody or control identifying who physically placed the Calls alleged in the Complaint.

**ANSWER:**

69.    Admit that You have no Documents or other materials in Your possession, custody, or control evidencing that any phone call alleged in the Complaint was placed by a third party controlled by Kin.

**ANSWER:**

70.    Admit that You have no Documents or other materials in Your possession, custody, or control evidencing that Kin controlled the manner and means of any call campaign (*e.g.*, who to call, when, the numbers to call, or how to make the Calls) that was conducted by any third party that may have called You in this Action.

**ANSWER:**

71.    Admit that You have no Documents or other materials in Your possession, custody or control evidencing that Kin violated the TCPA in this Action.

**ANSWER:**

Dated: June 27, 2025       Respectfully submitted,

By: /s/ *A. Paul Heeringa*

  A. Paul Heeringa (IL Bar # 6288233)
  Madelaine Newcomb (IL Bar #6322725)
  **Manatt, Phelps & Phillips, LLP**
  151 N. Franklin Street, Suite 2600
  Chicago, IL 60606
  Telephone: (312) 529-6300
  Email: pheeringa@manatt.com
    mnewcomb@manatt.com

  *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 27, 2025, a copy of the foregoing was served by email on counsel for Plaintiff, at the email address(es) provided on the Court's CM/ECF docket.


*/s/ A. Paul Heeringa*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-00213 |
| KIN INSURANCE, INC., | Judge: Hon. April M. Perry |
| Defendant. | |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Kin Insurance, Inc. ("Defendant" or "Kin") hereby serves its first set of requests for production to Plaintiff Sara Taylor ("Plaintiff") in the above-captioned matter. Defendant requests that Plaintiff serve written responses to the numbered requests for production of documents and things (hereafter "RFPs") below within thirty (30) days of service hereof. Production of the requested Documents shall be made at the address for Defendant's counsel of record, or at such other time and place as is mutually convenient and agreed to by the parties.

**DEFINITIONS**

As used below, the following terms should be understood as having the following definitions:

1.      "You," "Your," and "Plaintiff" refer to the named plaintiff Sara Taylor in the above-captioned Action.

2.      "Defendant" or "Kin" refer to Kin Insurance, Inc., and any and all of its departments, divisions, subdivisions, parents, subsidiaries, employees, directors, and officers.

3.      The "Subject Phone Number" shall refer to and mean Plaintiff's telephone number(s) identified in the Complaint that You contend was/were called by or on behalf of Defendant, including

but not limited to

4.      "Complaint" refers to Plaintiff's current operative class action complaint filed in the

Action and any amendments thereto (*see* Dkt. 10).

5.      "Action" refers to the above-captioned litigation between Plaintiff and Defendant.

6.       "Person" means any natural Person, corporation, partnership, government agency or

board, association, proprietorship, organization, or any other legal entity.

7.      "Household" refers to any residential property address where You live or reside

permanently or temporarily, regardless of whether You own it, and should include multiple addresses

(*e.g.*, primary and vacation homes).  When referring to Persons in Your Household, this includes

Persons located, living or residing in Your Household (*e.g.*, the same residential address), regardless

of whether they permanently reside there.

8.      "Call" refers to any form of telephone communication, including text messages.

9.      "TCPA" refers to the "Telephone Consumer Protection Act" and all related statutory

provisions and regulations, and any interpretive decisions relating to the TCPA.

10.      "VoIP" means "Voice Over Internet Protocol."

11.      "RFA" or "RFAs" refers to Defendant's First Set of Requests for Admission to

Plaintiff, served contemporaneously herewith.

12.      "Interrogatory" or "Interrogatories" refers to Defendant's First Set of Interrogatories

to Plaintiff, served contemporaneously herewith.

13.      "Document" or "Documents" means all materials within the scope of Federal Rule

of Civil Procedure 34, including, but not limited to, all writings and recordings (including all

originals and all non-identical copies and electronically stored Documents) as defined in the Federal

Rules of Evidence.

14.     "Evidencing," "Relating to," "referring to," or "related to" means reflecting, concerning, pertaining to, mentioning, discussing, summarizing, describing, regarding, containing, referring to, depicting, connected with, embodying, evidencing, proving, constituting, reporting, or in any way connected to the matter discussed in the RFP where used, whether directly or indirectly.

15.     Unless otherwise specifically defined, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

16.     "And" as well as "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the RFPs any Document or thing that might otherwise be construed to be outside their scope.

17.     Any word written in the singular shall be construed as the plural when necessary to bring within the scope of the RFPs any Document or thing that might otherwise be construed to be outside their scope.

18.     Verb tenses shall be interpreted to include past, present, and future tenses.

## INSTRUCTIONS

1.     Pursuant to the Federal Rules of Civil Procedure, You are required to supplement Your responses to these RFPs to include information acquired after service of Your responses thereto.

2.     These RFPs do not seek privileged communications with Your attorneys or other privileged information.

3.     The RFPs require You to produce all Documents and information that are in Your actual or constructive possession, custody or control. Without limitation of the term "control," a Document is deemed to be in Your control if You have the right to secure the Document or a copy thereof from another Person or public or private entity having actual possession thereof, or if You have the practical ability to obtain the Document from a third-party, irrespective of any legal

entitlement to the Document. If any original Document is not in Your possession, custody, or control, then You are required to produce the best copy available, and to state, to the best of Your knowledge, the name and address of the Person in possession and/or control of the original. The fact that a Document is in possession of another Person or entity does not relieve You of the obligation to produce Your copy of the Document, even if the two Documents are identical.

4.      You are specifically directed to search any and all of Your computers, telephones, smart devices (including, but not limited to, mobile phones), email accounts (*e.g.*, Gmail or Yahoo), cloud space (*e.g.*, OneDrive, Google Drive, Dropbox) and any social media (*e.g.*, Facebook, Instagram, or Twitter) for any Documents or other information responsive to the RFPs below, as well as the devices and accounts of any Persons whom You have the right and ability to request information from on demand.

5.      The RFPs seek the production of Documents as they are kept in the usual course of business or organized and labeled to correspond with the particular RFP.

6.      All Documents that exist solely in hard copy form shall be produced in PDF form, with each page bearing a Bates Number. If the hard copy Document is in color, it should be produced in color.

7.      All Documents existing in electronic format—for example, stand-alone databases, spreadsheets (*e.g.*, Excel), PowerPoint presentations, video files, and audio files—should be produced in native format.

8.      You shall produce any Documents attached to an email contemporaneously and sequentially after the parent email. All responsive emails that may have been archived at the time of collection shall be restored, including restoring all attachments and original metadata, prior to production.

9.      An RFP for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

10.      All "non-identical copies" of every Document whose production is sought shall be separately produced.

11.      Each category of Documents or other tangible things shall be construed independently and shall not be limited by reference to any other such category.

12.      If any Document (or other material) is withheld by You under a claim of privilege or other exemption from discovery (in whole or in part) in response to an RFP, please provide a privilege log with information sufficiently specific to permit the Court to determine whether the claim of privilege or other exemption is valid, including the following information for each such Document (or any other material) being withheld:

 a.      The date of the Document for which the privilege is claimed;

 b.      The name of the author(s) of the Document;

 c.      The recipient(s) or addressee(s) of the Document;

 d.      The business or legal title or position of all authors, recipients and/or addressees;

 e.      The general type of Document (*e.g.*, letter, memorandum, e-mail, etc.);

 f.      The subject matter of the Document; and

 g.      The nature of the privilege being asserted for each Document and the basis upon which it is claimed.

13.      If an RFP calls for the production of a non-privileged Document (or other material) which has been lost, destroyed, placed beyond Your control, or otherwise disposed of, set forth with

respect to each such Document:

      a.     The nature of the Document or other material (*i.e.*, letter, memorandum, e-mail);

      b.      the name and title of the author and/or sender;

      c.     the name and title of all Persons to whom the Document was addressed and/or sent;

      d.     a summary of the contents or information contained therein;

      e.     the date on which the Document was lost, destroyed, placed beyond Your control, or otherwise disposed of;

      f.     the identity of all Persons having knowledge as to the disposition of the Document; and

      g.     the identity of all Persons who have or have had knowledge of the contents or the information contained therein.

14.    If any information responsive to any RFP is withheld under a claim of privilege or other exemption from discovery, state the title and nature of the information, communication or Document, provide facts sufficiently specific to permit the Court to determine whether the claim of privilege or other exemption is valid, including each and every fact upon which the privilege or exemption is claimed.

15.    To the extent You consider any portion of the following RFPs to be objectionable, (a) identify the portion of the RFP claimed to be objectionable, (b) state the nature and basis of the objection, and (c) provide Documents or provide information responsive to any portion of such RFP that is not claimed to be objectionable.

16.    If there are no Documents or information responsive to a specific RFP, You must

provide a response so stating.

17.     You are to respond to these RFPs with reference to all information that is in Your actual or constructive possession, custody or control or reasonably available to You, including, but not limited to, all responsive information in the possession, custody or control of Your agents, attorneys, or representatives.

## REQUESTS FOR PRODUCTION TO PLAINTIFF

1.      All Documents that You referenced, referred to, or relied upon to prepare Your answers to Defendant's Interrogatories or RFAs.

**RESPONSE**:

2.      All Documents that You referenced or referred to in Your answers to Defendant's Interrogatories or RFAs.

**RESPONSE**:

3.      All Documents reflecting when and how You obtained or became the subscriber or regular user of the Subject Phone Number, or identifying any other or prior subscribers or users.

**RESPONSE**:

4.      Complete billing records for any telephone or other device associated with the Subject Phone Number covering the period of August 1, 2024 to the present. Such records should include, but not be limited to, details of calls or text messages made, sent, or received (*e.g.*, dates, times, phone numbers used, content of any text messages, etc.) and/or subscriber or account holder information.

**RESPONSE**:

5.      All Documents reflecting or evidencing the total number of Calls of any kind that You contend were placed by or on behalf of Defendant to the Subject Phone Number at any time, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

6.      All Documents evidencing Your receipt of Calls from or on behalf of Defendant on any other number, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

7.      All Documents identifying or reflecting the user, subscriber, or owner of the Subject Phone Number covering the period of August 1, 2024 to the present, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

8.      Documents sufficient to identify the phone number of any telecommunications device (*i.e.*, cell phone, smartphone, or landlines) in Your Household, regardless of whether You are the user or subscriber or had ever been the user or subscriber, from August 1, 2024 to the present to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

9.      All Documents or other materials evidencing or reflecting any instance in which You, someone in Your household, or someone acting on Your behalf used the Subject Phone Number to submit an online inquiry on any website (*e.g.*, the number was submitted on a website for the purposes of obtaining additional information, to request a call, or complete a form) for any purpose from August 1, 2024 to the present.

**RESPONSE**:

10.     Documents sufficient to identify the IP address(es) of any internet-accessible electronic devices that were in Your Household for the period of August 1, 2024 to the present.

**RESPONSE**:

11.     All Documents identifying or reflecting the user or subscriber, or any device associated with, IP address                   for the period of August 1, 2024 to the present.

**RESPONSE**:

12.     All Documents relating to the IP address                   to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

13.     Screenshots from any device that You own, regularly use, or have access to reflecting any phone calls or text messages that You contend were placed or sent by or on behalf of Defendant at any time, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

14.     All audio recordings or other electronic recordings (*e.g.*, video recordings) for any phone calls received on any device associated with the Subject Phone Number that You contend were placed by or on behalf of Defendant at any time.

**RESPONSE**:

15.     All audio or other electronic recordings for any phone calls received on any other device that You own, regularly use, or have access to that You contend were placed by or on behalf of Defendant at any time, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

16.     All Documents, communications, and other materials evidencing, reflecting, or relating to the any of the phone Calls discussed in Your Complaint, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

17.     All Documents, communications, and other materials evidencing, reflecting, or relating to any calls not alleged in the Complaint that You contend are at issue or violated the TCPA in this Action, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

18.     All Documents and other materials relating to or reflecting any communications by You with Defendant or that You received from or on behalf of Defendant, to the extent not

produced in response to the preceding RFPs.

**RESPONSE**:

19.     All Documents reflecting any email communications, occurring on or between August 1, 2024 to the present, sent to or from the following email addresses: ███████████@gmail.com or ████████████@gmail.com.

**RESPONSE**:

20.     Documents sufficient to identify the email address(es) used by You or for which You are/were the account holder from August 1, 2024 to the present.

**RESPONSE**:

21.     All Documents reflecting any email communications, occurring on or between August 1, 2024 to the present, between You and any person named "Missie Gossett."

**RESPONSE**:

22.     All Documents reflecting any text messages (MMS or SMS), including but not limited to the contents of each message sent and received, between You and any person named "Missie Gossett" using any device, occurring on or between August 1, 2024 to the present.

**RESPONSE**:

23.     All Documents reflecting any phone calls between You and any person named "Missie Gossett" using any device, occurring on or between August 1, 2024 to the present.

**RESPONSE**:

24.     All documents reflecting any other form of correspondence or communication (whether hard copy or electronic, including but not limited to chat logs, social media posts and communications, "peer-to-peer" communication applications, or other online posts) between you and any person named "Missie Gossett" occurring on or between August 1, 2024 to the present.

11

**RESPONSE:**

25.    All Documents reflecting any text messages (MMS or SMS), including but not limited to the contents of each message sent and received, between You and any person using or associated with the phone number 706-391-7358, occurring on or between August 1, 2024 to the present.

**RESPONSE**:

26.    All Documents reflecting or relating to internet usage by any Person using any internet-accessible computing device (*e.g.*, laptop, PC, or tablet) or using any smartphone in Your Household on or between August 1, 2024 and December 31, 2024, including but not limited to a complete listing of all websites or URLs visited or accessed.

**RESPONSE**:

27.    All Documents reflecting or relating to all internet usage on or between August 1, 2024 and December 31, 2024 by You or Your spouse or someone living in Your Household, regardless of location or subject matter, including but not limited to a complete listing of all websites or URLs visited or accessed, to the extent not produced in response to the preceding RFP.

**RESPONSE**:

28.    All Documents relating to or referring to the website www.kin.com (or any page on that site) to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

29.    All Documents reflecting any online or internet related purchases or transactions of any kind (regardless of whether money was exchanged) made by You or on Your behalf on or between August 1, 2024 and December 31, 2024, including but not limited to (for example) Documents reflecting any websites through which the purchase or transaction occurred or billing

records, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

30.     All Documents evidencing, demonstrating, documenting, or reflecting Your physical location for the entire day on August 23, 2024, August 27, 2024 and October 23, 2024.

**RESPONSE**:

31.     All Documents reflecting Your membership or involvement in any online social media or other online forum regarding the TCPA, TCPA claims, or telemarketing litigation.

**RESPONSE**:

32.     All Documents reflecting or relating to the registration of the Subject Phone Number on the National Do Not Call Registry, including but not limited to Documents reflecting who actually registered it and when.

**RESPONSE**:

33.     For inspection, any electronic device(s) associated with the Subject Phone Number on which You claim to have received any calls of any kind and that You contend were placed by or on behalf of Defendant. Alternatively, please produce a complete forensic copy of such device(s).

**RESPONSE**:

34.     For inspection, any internet accessible computing device(s) (*i.e.*, desktop computer, laptop, tablet, or smart phone) owned or used by You (including personal or work devices) or that was located in Your Household on or between August 1, 2024 and December 31, 2024, to the extent not produced in response to the preceding RFPs. Alternatively, please produce a complete forensic copy of such device(s).  If such devices are no longer accessible, please indicate why.

**RESPONSE**:

35.     For inspection, any devices associated with the phone numbers identified in Your responses to Defendant's Interrogatories, to the extent not produced in response to the preceding RFPs. Alternatively, please produce a complete forensic copy of such device(s). If such devices are no longer accessible, please indicate why.

**RESPONSE**:

36.     All Documents evidencing, supporting, or relating to the factual allegations in paragraphs 12 through 36 of the Complaint, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

37.     All communications with any person, other than privileged communications between You and Your legal counsel in this Action or Your other retained legal counsel, referring to or relating in any way to Defendant, calls involving or relating to Defendant, or the TCPA generally.

**RESPONSE**:

38.     All Documents evidencing that Defendant had any control over any third party that You contend called You in violation of the TCPA or that Defendant had any control over that third party's calling campaign, including but not limited to all documents evidencing Defendant had the power to give said third party any interim instructions or any documents that You contend otherwise demonstrates Defendant's direct or vicarious liability under the TCPA in this Action.

**RESPONSE**:

39.     A copy of Your retention agreement, fee agreement, engagement letter, or other contract with Your legal counsel or their law firm(s) in this Action.

**RESPONSE**:

40.    All Documents relating to or reflecting any compensation agreement between you and any other Person or entity, excluding Your Legal counsel, relating to the allegations in the Complaint, this Action, or Kin.

**RESPONSE**:

41.    All non-privileged Documents reflecting all financial compensation You have received or were paid, or that You paid to someone else, in connection with any prior or other existing TCPA litigation (regardless if you were a party), including but not limited to banking records, contracts, and payment transmissions.

**RESPONSE**:

42.    Document reflecting any communications with any putative class member in this Action.

**RESPONSE**:

43.    All Documents relating to Your alleged consent, or lack of consent, or revocation of consent to receive Calls from or on behalf of Defendant.

**RESPONSE**:

44.    All Documents reflecting any online or telephone inquiry made by You or on Your behalf or by someone in Your Household regarding insurance policies, goods, products or services or to any insurance company or provider on or between August 1, 2024 to December 31, 2024.

**RESPONSE**:

45.    All Documents reflecting any insurance policies, goods, products, or services of any kind purchased by You, someone in Your Household, or someone in Your family on or between August 1, 2024 to December 31, 2024.

**RESPONSE**:

46.     All Documents reflecting any internet searches for insurance products goods, products, or services of any kind by You, someone in Your Household, or someone in Your family on or between August 1, 2024 to December 31, 2024 using any device, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

47.     All Documents reflecting or related to any person named "Missie Gossett" to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

48.     To the extent You admitted (in whole or in part) any of Defendant's RFAs, please produce all Documents supporting Your admissions.

**RESPONSE**:

49.     To the extent You denied (in whole or in part) any of Defendant's RFAs, please produce all Documents supporting Your denials.

**RESPONSE**:

50.     To the extent You denied (in whole or in part) any of Defendant's RFAs requesting that You admit "that You have no Documents or other materials in Your possession, custody or control evidencing" a particular fact or that "identify" a Person, produce all such Documents or materials evidencing said facts or identifying such persons, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

51.     All Documents You use or may use to support or oppose any motion for summary judgment with respect to Plaintiff's TCPA claim against Defendant in this Action, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

52.     All non-privileged Documents relating to Your involvement in any prior or other ongoing TCPA litigation, regardless of the nature of Your involvement (*e.g.*, whether You were named as a party or otherwise) and not including this Action against Defendant.

**RESPONSE**:

53.     All Documents reflecting any communication by You with any Person or entity (not including Your counsel) regarding alleged TCPA or other telemarketing law violations, including but not limited to all "demand" letters, emails or other forms of communication through which You have asserted such a violation by any Person or entity, other than Defendant.

**RESPONSE**:

54.     All Documents relating to or reflecting any financial compensation agreement between You and any other Person or entity (excluding Defendant), regardless of who is being compensated, relating to the allegations in the Complaint, this Action, or Defendant.

**RESPONSE**:

55.     All Documents referred to or identified in Your Rule 26(a) Initial Disclosures in this Action, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

56.     All Documents provided to You by (or obtained by You from) any third parties, whether by subpoena or otherwise, relating to the allegations in the Complaint, this Action, and/or Defendant, including but not limited to any, declarations, affidavits, recordings, transcripts, notes of conversations, or written statements.

**RESPONSE**:

57.     All Documents related to any damages You contend You incurred in this Action,

including the computation thereof.

**RESPONSE**:

58.     Copies of all Communications, statements, videos, GIFs, or other postings that You made on or via Facebook, Twitter, Snapchat, TikTok, Instagram, Linked In, Slack, Venmo, Reddit, or Discord or any other social media, blog, or news source websites from August 1, 2024 to the present evidencing, relating to, or referring in any way to Defendant, the allegations in the Complaint, telemarketing, alleged telemarketing Calls, TCPA claims, or the TCPA generally.

**RESPONSE**:

59.     All other Documents discussing, referring to or relating in any way to Defendant, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

60.     All Documents or other materials You use or may use to support or oppose any expert opinion, report, or testimony with respect to Plaintiff's TCPA claim against Defendant, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

61.     All Documents or other materials You use or may use to support or oppose any expert opinion, report, or testimony with respect to any motion for class certification in this Action, to the extent not produced in response to the preceding RFPs.

**RESPONSE**:

Dated: June 27, 2025                    Respectfully submitted,

                                        By: /s/ *A. Paul Heeringa*

                                            A. Paul Heeringa (IL Bar # 6288233)

18

Madelaine Newcomb (IL Bar #6322725)
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
     mnewcomb@manatt.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2025, a copy of the foregoing was served by email on counsel for Plaintiff, at the email address(es) provided on the Court's CM/ECF docket.


*/s/ A. Paul Heeringa*

20