IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIN INSURANCE, INC.,<br><br>Defendant. | Case No. 1:25-cv-00213<br><br>Judge: Hon. April M. Perry<br>Hon. M. David Weisman |

## ORDER DIRECTING PRODUCTION OF RECORDS IN RESPONSE TO DEFENDANT'S THIRD PARTY SUBPOENA PURSUANT TO THE FEDERAL COMMUNICATIONS ACT

**UPON CONSIDERATION** of the "Unopposed Motion for an Order Directing Production of Records In Response to Defendant's Third Party Subpoena Pursuant to the Federal Communications Act" (hereafter, the "Motion") filed by Defendant Kin Insurance, Inc. ("Defendant") in this matter, which seeks the production of records and other information pursuant to a Rule 45 third-party subpoena dated July 2, 2025 (the "Subpoena") issued by Defendant to non-party Charter Communications, Inc. ("Charter") that may contain or disclose Personally Identifiable Information ("PII") concerning individual subscribers associated with a Charter account or accounts (as identified in the Subpoena) possibly associated with Plaintiff Sara Taylor ("Plaintiff"), due notice having been given, the Court being fully apprised in the premises, and the Motion being unopposed, **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** for all the reasons stated therein.

2. Counsel for Defendant (Manatt, Phelps & Phillips LLP) shall provide Charter with a copy of the Motion and this Order and shall agree to pay reasonable copying and search costs to Charter for producing responsive records and/or information.

3.	The Court finds the information sought by the Subpoena, including the disclosure of the name(s) and address(es) of Charter subscriber(s) ("Subscriber(s)"), may be appropriate and necessary for the disposition of this proceeding.

4.	Consistent with 47 U.S.C. § 551(c)(2)(B), Charter shall immediately give notice, upon receipt of this Order to any Subscriber associated with the phone numbers, addresses, and/or Charter accounts identified in the Subpoena, advising any such Subscriber(s) that Charter has been ordered to disclose his or her name and address and such disclosure will be required by this Court's Order unless such Subscriber responds or objects no later than fourteen (14) calendar days from the date that notice is provided.

5.	Charter shall immediately give notice, upon receipt of this Order, to Plaintiff and Defendant and advise Plaintiff and Defendant of the date the Subscriber(s) were notified and further whether any Subscriber has responded or indicated an intention to oppose disclosure within the fourteen (14) calendar days provided for a response.

6.	If no response or intention to oppose is filed or served by said Subscriber(s), Charter shall disclose the relevant name(s) and address(es) of the Subscriber(s) and other information within five (5) calendar days thereafter, however provided that if any of the affected Subscriber(s) files a responsive pleading, opposition, intention to oppose or otherwise challenges disclosure of his or her PII within the allotted time period, Charter will not be required to disclose the requested information unless and until this Court considers and disposes of any such challenge.

**SO ORDERED.**

**Date:** August 8, 2025

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**