# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SARAH TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 213 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| KIN INSURANCE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Defendant's motion to amend the scheduling order to bifurcate discovery [28] is denied. Motion hearing set for 8/12/25 is stricken. Status hearing remains set for 9/18/25 at 1:00 p.m. with a joint status report due by noon on 9/16/25. *See* ECF # 26.

Plaintiff sued Defendant alleging violations of the Telephone Consumer Protection Act after she received two telephone calls in November 2024 from Defendant, which was trying to sell Plaintiff insurance. According to the complaint, Plaintiff had not provided her telephone number to Defendant, nor did she have an account with Defendant or request an insurance quote. Plaintiff alleges she did not answer the calls, so two voicemails were left that were indicative of prerecorded messages. Defendant moves to bifurcate discovery to allow the parties to "initially focus discovery on narrowly[ ]tailored issues relevant to the merits of [Plaintiff's] individual claim against [Defendant] for a short period of 90 to 120 days, before conducting broader and more costly discovery if necessary." (Def.'s Mem. Supp. Mot. Birfurcate, Dkt. # 29, at 1.)

The Court has broad discretion to manage discovery, which "extends to decisions to bifurcate discovery." *Marshall v. Grubhub Inc.*, No. 19 C 3718, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022). "In resolving motions to bifurcate discovery at the pre-certification stage, courts must 'balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties.'" *Id.* (citation omitted).

After Defendant filed its motion to bifurcate, the Court directed Defendant to file a brief statement listing its anticipated discovery requests so the Court could ascertain the scope and nature of Defendant's proposed initial stage of discovery. Defendant's proposed discovery is not insignificant. *See* ECF # 34. Defendant's proposed initial discovery is as follows:

- All websites or URLs visited by Plaintiff, her spouse, or anyone living in her household on any internet-accessible computing device (e.g.,

smartphone, tablet, laptop, or PC), regardless of the subject matter, on or between August 1, 2024 to December 31, 2024.

- All internet providers and IP addresses for any internet-accessible devices in Plaintiff's household on or between August 1, 2024 to December 31, 2024.
- Information and documents reflecting any online or telephone inquiry made by Plaintiff or on Plaintiff's behalf or by someone in Plaintiff's household regarding insurance policies, goods, products or services or to any insurance company or provider on or between August 1, 2024 to December 31, 2024.
- Audio recordings or other electronic recordings for any phone calls received on the subject phone number that Plaintiff contends were made by or on behalf of Kin.
- Documents reflecting the subscriber and any other users of the subject phone number and the date the number was obtained.
- Billing and call records relating to the subject phone number from August 1, 2024 to present.
- Documents relating to consent, including documents evidencing communications with or connections between Plaintiff and "Missie Gossett," the IP address , or email addresses @gmail.com or @gmail.com.
- Information and documents reflecting Plaintiff's (or her family member's) communications with or prior purchases from Kin.
- Requests for admission relating to the foregoing topics.

Defendant also attached a complete set of the discovery requests already served upon Plaintiff, as its Exhibit A. In addition, Defendant indicated that it has issued subpoenas to Verizon Wireless, T-Mobile, Charter Communications, Google, and Missie Gossett relating to the above topics. Defendant stated further it intends to issue a subpoena to James Taylor, Plaintiff's spouse, regarding these topics and primarily seeks written discovery from Plaintiff and from subpoenas to produce documents from third parties, and to depose at least Missie Gossett and James Taylor.

"Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice." *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013). Given the broad scope of Defendant's anticipated initial discovery, in addition to the discovery it has already issued, the Court finds that allowing Defendant to proceed with its own discovery on its selected defenses for three to four months to the almost complete exclusion of Plaintiff's case works a significant prejudice on Plaintiff. *Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (denying the defendant's motion to bifurcate discovery to explore  the plaintiff's consent, stating "[t]he Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery.") The Court, therefore, declines to bifurcate discovery, which will proceed on the schedule that was previously set.

The Court notes that not formally bifurcating discovery allows for potential efficiency in that, even without formal bifurcation, Defendant can structure and focus its initial discovery efforts on the areas it believes are unique to this Plaintiff. Indeed, Defendant asserts that

> discovery will show that it obtained consent to contact the subject phone number 706-391-XXXX on multiple occasions. The multiple opt-ins all contained similar lead data, including the name "Missie Gossett" and the same mailing address. This same lead data has also appeared in other cases involving Plaintiff.

(Defs.' Mot. Amend Scheduling Order Bifurcate Discovery, Dkt. # 29, at 2-3.) To the extent it has not already done so, Defendant can craft discovery requests focusing on obtaining information regarding consent that it believes exists. In the event discovery responses appear to support Defendant's version of events, Defendant may renew its motion to amend the scheduling order with specific reasons to do so, including allowing it time to seek leave to file an early motion for summary judgment on the issue, citing the relevant evidence.

For these reasons and in its broad discretion, the Court denies Defendant's motion to bifurcate.

**Date**: August 11, 2025

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**